Michael E. MARSANO, Petitioner,

v.

Hon. Melvin LAIRD, Secretary of Defense; Hon. Stanley R. Resor, Secretary of the Army; Maj. Leon Grant, Commanding Officer, Armed Forces Examining and Entrance Station, Fort Hamilton, Brooklyn, New York; Lt. Gen. Lewis B. Hershey, National Director of Selective Service; and Local Board No. 3, Great Neck, New York, Respondents.

No. 69–C–137.

United States District Court

E. D. New York.

March 20, 1969.

Marvin M. Karpatkin, Michael N. Pollet, William E. Crain, Jeremiah S. Gutman, Alan H. Levine, New York City, for petitioner.

Vincent T. McCarthy, U. S. Atty., E. D. New York, for respondents; Howard L. Stevens, Asst. U. S. Atty., of counsel.

BARTELS, District Judge.

Petitioner, Michael E. Marsano, a graduate student, having been ordered to report for induction, is now in the custody of the Armed Forces Examining and Entrance Station, Fort Hamilton, Brooklyn, New York, and applies for a writ of habeas corpus.

The facts are not unusual. Marsano registered with the Selective Service Local Board No. 3 in Great Neck, New York, on December 20, 1963, pursuant to the Universal Military Training and Service Act of 1951 (1951 Act),[1] which amended the Selective Service Act of 1948 (1948 Act).[2] From July, 1964 until June, 1967 he was an undergraduate student at Georgetown University, Washington, D. C., and received before graduation, pursuant to § 6(h) of the 1951 Act, a Class II–S deferment. In June of 1967, the 1948 Act, as amended by the 1951 Act, was again amended by the Military Selective Service Act of 1967, 50 U.S.C. App. § 451 et seq. (1967 Act), and pursuant thereto, the President issued Regulation 1622.26, 32 C.F.R. 1622.26. Following his graduation from Georgetown University in June of 1967, Marsano, in September of that year, enrolled in the Columbia University Graduate School, New York, N. Y., in pursuit of a course of study which was not specifically designated by Regulation 1622.26(a), 32 C.F.R. 1622.26(a), as "neces-

---

1. June 19, 1951, Ch. 144, § 1 et seq., 65 Stat. 75.

2. June 24, 1948, Ch. 625, § 1 et seq., 62 Stat. 604.

sary to the maintenance of the national health, safety, or interest". Pursuant to Regulation 1622.26(b), 32 C.F.R. 1622.-26(b), Marsano was then placed in Class II-S for graduate student deferment from June, 1967 to June, 1968. When that period expired, he was placed in Class I-A and ordered to report for induction on November 8, 1968, which was postponed until February 6, 1969, to allow him to complete his semester. Subsequently, Marsano applied for a I-S classification for deferment from military service until the end of the academic year pursuant to § 6(i)(2) of the 1967 Act, 50 U.S.C. App. § 456(i) (2), and Regulation 1622.15(b), 32 C.F.R. 1622.-15(b), issued under the authority of § 6(h)(2), 50 U.S.C. App. § 456(h)(2), as specifically unrestricted by § 6(i) (2). This application was denied by the Local Board and the National Director of Selective Service, and presents the crux of the case.

Since the structure of the 1948 Act as amended, and the Regulations issued thereunder are not in all respects perfect, they must be interpreted and construed in a manner which will achieve the purposes and objectives of the enactments. Senator Russell, the Senate sponsor of the conference report on the 1967 Act, in explaining the legislative history of the Act and the continuance of the Class I-S deferment, advised that § 6(i)(2) permitted persons who had received a deferment for graduate study designated as important to the "national health, safety, or interest" to be deferred until the end of the academic year. "But graduate students in other fields—that is, those studying subjects not found to be important to the national health, safety or interest—would not be entitled to a deferment until the end of the academic year, if they were ordered to report for induction during that year." [3]

Marsano claims that § 6(i)(2) of the 1967 Act provides him with an absolute right to a Class I-S deferment which would enable him to finish his academic

year at Columbia University. He rests this contention primarily upon the argument that Congress never intended by the enactment of § 6(i)(2) of the 1967 Act to cut off the long-standing mandatory right of graduate students to receive a Class I-S deferment, and contends that the National Director of Selective Service, in interpreting Regulation 1622.15(b)(2) as depriving the petitioner of a Class I-S deferment, acted in flat contradiction of the express terms of the Act.

I

A brief outline of the pertinent provisions affecting petitioner's liability for induction into the Armed Forces is appropriate. Subsection 6(h) of the 1967 Act covers both undergraduate and graduate student deferments and is divided into two parts: Subsection 6(h) (1) states that the President shall provide for the deferment from military service of undergraduate students and authorizes him to prescribe rules and regulations for deferment of such students who request a deferment, and provides that any deferment granted to such a student shall continue until he completes the requirements for his baccalaureate degree and further, that no person who has received such a student deferment under that paragraph shall thereafter be granted deferment under § 6(h) or under § 6(i) if he has been awarded a baccalaureate degree. Subsection 6(h)(2) authorizes the President to prescribe rules and regulations to provide for deferment, among other categories, of persons "whose activity in graduate study * * * is found to be necessary to the maintenance of the national health, safety, or interest".

Subsection 6(i)(2) covers both undergraduate and graduate students. In substance, it provides that any person who while satisfactorily pursuing his course of instruction at a university or similar institution is ordered to report for induction, shall, upon the facts being

3. 113 Cong.Rec. pp. S8050, 8051 (daily ed. June 12, 1967).

presented to the local board, be deferred until the end of the academic year:

"Provided, That any person who has heretofore had his induction postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948; or any person who has heretofore been deferred as a student under section 6(h) of such Act; or any person who hereafter is deferred under the provision of this subsection, shall not be further deferred by reason of pursuit of a course of instruction at a college, university, or similar institution of learning except as may be provided by regulations prescribed by the President pursuant to the provisions of subsection (h) of this section. Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces or training in the National Security Training Corps of any category or categories of students for such periods of time as he may deem appropriate."

Pursuant to the authority of § 6(h) (2), as unrestricted by § 6(i)(2), Regulation 1622.26 was prescribed. Paragraph (a) places in Class II–S those pursuing a course of graduate study in medicine or in such other subjects "necessary to the maintenance of the national health, safety, or interest". Paragraph (b) provides, among other things, that any person enrolled for his first year of post-baccalaureate study in a graduate school or a professional school on October 1, 1967, may be placed in Class II–S and deferred for "one academic year only * * * ".

Regulation 1622.15(b) places in Class I–S students who are pursuing a full-time course of instruction at a university or similar institution and are ordered to report for induction. The regulation provides that such a student shall be deferred until the end of his academic year except that no such student shall be placed in Class I–S "who has been deferred as a student in Class II–S and has received his baccalaureate degree".

## II

 From an examination of § 6 (i)(2) of the 1967 Act, it is obvious that a student who has received a deferment under the Selective Service Act of 1948, is barred from a further deferment under the 1967 Act. Petitioner argues that this provision is not applicable to him because he received his undergraduate student deferment under the 1951 Act and thus is raised the interpretation of the phrase "the Selective Service Act of 1948" as used in § 6(i)(2) of the 1967 Act. If this phrase is restricted to its literal meaning of the 1948 Act and not the 1948 Act as amended by the 1951 Act, then it bars, with rare exception, individuals beyond the age of thirty-five years who in fact, because of age, are not subject to conscription and thus would need no deferment until the end of the academic year. To interpret § 6(i)(2) in this manner would be meaningless. The Supreme Court has recognized that a statutory construction which confines itself to the bare words of the statute is dangerous (Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962)), and that "literalness may strangle meaning". Utah Junk Co. v. Porter, 328 U.S. 39, 66 S.Ct. 889, 90 L.Ed. 1071 (1946). If in interpreting a statute "the literal meaning of the words leads to unreasonable results at variance with the policy of the legislation, a court should follow legislative purpose rather than literal meaning". North Am. Utility Securities Corp. v. Posen, 176 F.2d 194 (2d Cir., 1949). In enacting the 1951 Act, Congress incorporated in § 6(i)(2) of that Act a bar to further deferment to those individuals who had previously received a postponement or deferment under §§ 6(i)(2) and 6(h) of the 1948 Act.

In enacting the 1967 Act, the Congressional draftsmen lifted § 6(i)(2) bodily from the 1951 Act without any change. In so doing, they included in this subsection the old phraseology of

the 1951 Act referring to "the Selective Service Act of 1948". No reference was expressly made in the 1967 Act to the 1951 amendment to the 1948 Act. However the 1951 Act did not replace the 1948 Act but simply amended that Act.[4] A reference therefore to the 1948 Act automatically included all of its amendments, thus encompassing the 1951 amendment. Only such a reading of the 1967 Act would achieve the purpose of that Act in preventing students from pyramiding deferment upon deferment, except as provided by Presidential order or regulation. See, Kaplish and Dixon v. Hershey, 69 Civ. 82 (N.D.Ohio E.D. Feb. 7, 1969), and Rosenfield v. Selective Service System, 298 F.Supp. 276 (W.D. Pa. Feb. 13, 1969). Any other construction of the statute would, for all practical purposes, render the reference to the 1948 Act meaningless. The petitioner in this case received a prior deferment as a Class II–S student under § 6(h) of the Selective Service Act of 1948, as amended by the 1951 Act, and hence falls within the prohibition of § 6(i)(2) of the 1967 Act.

### III

 Petitioner argues that § 6(i)(2) does not authorize the President by regulation to limit the availability of Class I–S deferment to those who have not received an undergraduate student Class II–S deferment pursuant to the 1967 Act, and that consequently Regulation 1622.-15(b)(2) should be read to bar only those students who have received a II–S classification under the 1967 Act *before* they have received their baccalaureate degree, and not graduate students who have been so classified under the 1967 Act *after* receiving a baccalaureate degree. In the first place, the President does have the authority to issue the accused regulation pursuant to § 6(h) of the 1967 Act, as unrestricted by § 6(i)(2). In the second place, to reach petitioner's conclusion, one would have to rewrite the exception of subsection (2) by adding the word "thereafter" before the word "received", so that this subsection would read "who has been deferred as a student in Class II–S and has [thereafter] received his baccalaureate degree". But the courts are not permitted, in interpreting a statute, to add to or subtract from the words used (62 Cases, etc. v. United States, 340 U.S. 593, 71 S.Ct. 515, 95 L.Ed. 566 (1951)), and this principle is equally applicable to a regulation. It should also be added that such a reading would accord with neither the objectives of the Congressional enactment nor the intent of the Regulation.

 The Court finds that the petitioner is not entitled to a Class I–S deferment until the end of his academic year under the langauge of § 6(i)(2) of the 1967 Act or under Regulation 1622.-15(b)(2) issued pursuant to § 6(h)(2). Accordingly the petition for a writ of habeas corpus is denied.

So ordered.

---

4. The phraseology of the 1951 Act specifically reads: "The Selective Service Act of 1948 (62 Stat. 604), as amended, is further amended * * * ".