**Theodore P. KAPLYSH, Petitioner,**

v.

**Col. Arthur ALLEN, etc., Respondent.**

**Civ. A. No. C 69–239.**

United States District Court

N. D. Ohio, E. D.

April 22, 1969.

---

Ralph Rudd, Cleveland, Ohio, for petitioner.

Carl Miller, Asst. U. S. Dist. Atty., for respondent.

## MEMORANDUM

WILLIAM K. THOMAS, District Judge.

Ordered to be inducted on March 28, 1969, plaintiff petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq. It is claimed that petitioner's induction into the Armed Services is unlawful by reason of the failure and refusal of the selective service system to defer him pursuant to paragraph 6(i) (2) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 456(i) (2). Paragraph 6(i) (2) defers a person "satisfactorily pursuing a full time course of instruction at a college, university * * * until the end of such academic year." Presidential regulation CFR § 1622.15, entitles such a deferment as Class I–S Student Deferred by Statute.

Respondent Colonel Arthur Allen, commanding officer of the United States Armed Forces, etc., in Cleveland and intervening respondent Stanley Resor, Secretary of the Army, admit the facts alleged in the complaint. Petitioner is registered with Selective Service Local Board 28 in Cleveland, Ohio. His board classified him II–S in 1964, 1965, and 1966 to permit the completion of his undergraduate studies. Class II–S is the designation given to student deferments by presidential regulations CFR § 1622.-20, et seq.

Petitioner entered the law school of Notre Dame University in the fall of 1967. On December 18, 1967, he was classified II–S and deferred to complete his first year of law school. This deferment was made pursuant to 32 CFR § 1622.26(b), a new presidential regulation issued pursuant to paragraph 6(h) (2) of the Military Selective Service Act of 1967, effective June 30, 1967, 50 U.S. C.App. § 456(h) (2).

Petitioner was classified I–A on June 21, 1968. His appeal from this classification was denied and he was again classified I–A on September 25, 1968. He resumed his second year of law school in September 1968.

On October 30, 1968, he was ordered to report for induction on November 21, 1968. On November 7, 1968, that order was postponed until further notice.

In January 1969, petitioner began the second semester of the second year of his law school studies. On January 17, 1969, he was issued an order to report for induction on February 6, 1969, but his induction was postponed on February 5, 1969. On February 7, 1969, he was ordered to report for induction on February 11, 1969.

Together with another plaintiff, on February 1, 1969, petitioner sought a declaratory judgment and an order in the nature of mandamus seeking a recission of the then order of induction and a declaration that he was entitled to a I–S deferment. On February 7, 1969, Chief Judge Girard E. Kalbfleisch of this court, denied petitioner's motion for a temporary restraining order and granted the government's motion to dismiss petitioner's complaint. However, a stay of seven days granted the petitioner to conduct his appeal, stayed his induction order for February 11, 1969.

On February 19, 1969, the Court of Appeals denied the stay; on February 20, 1969, petitioner was ordered to be inducted on February 24, 1969. A motion in the United States Supreme Court for stay of induction pending determination of his appeal in the Court of Appeals was overruled on March 10, 1969. On March 25, 1969, petition was ordered to be inducted on March 28, 1969. At a hearing on the petition for a writ of habeas corpus, commenced March 28, and concluded on March 29, 1969, this court ordered that a show cause order should be issued. Subsequent to this court's order that the case be heard upon the merits, petitioner was granted a 30-day leave by the United States Army. Thereupon, he resumed his second year law studies. He is scheduled to take his final examinations in May. On April 19, 1969, the case was heard on its merits.

In granting the order to show cause this court concluded that the previous adjudication by Chief Judge Kalbfleisch in petitioner's declaratory judgment action does not collaterally estop petitioner's prosecution of the present action. It was observed that petitioner's induction mooted petitioner's right of appeal from the previous adjudication. Subsequent to the hearing of March 28–29, 1969, petitioner, with the agreement of respondents, has dismissed his appeal in the declaratory proceedings.

The respondents oppose the petition for a writ of habeas corpus. As their reason respondents quote the following regulation:

Any registrant enrolled for his first year of post-baccalaureate study in a graduate school or a professional school on October 1, 1967, or accepted for admission involving enrolled status on October 1, 1967, may be placed in Class II–S if he has entered the first class commencing after the date he completed the requirements for admission and shall be deferred for *one academic year only*, or until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier. (Emphasis added.) [Selective Service Regulations 32 CFR § 1622.26(b).]

In its original form paragraph 6(i) (2) was enacted as part of the Selective Service Act of 1948, 62 Stat. 604. Effective June 19, 1951, Public Law 51, 65 Stat. 75, 82d Cong., 1st Sess. (1951), made several amendments to the Selective Service Act of 1948. Among other changes, its name became the "Universal Military Training and Service Act. Effective June 30, 1967, the selective service laws were amended by Public Law 90–40, 90th Cong., 1st Sess. Renamed the Military Selective Service Act of 1967, certain subsections, notably subsection 6(h), were amended. However, subsection 6(i) was not repealed or changed. Continuing to exist, as amended by paragraph (p) of Public Law 51, subsection 6(i) (2) still reads:

Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier: *Provided*, That any person who has heretofore had his induction postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948 [former subsection (i) (2) of this section]; or any person who has heretofore been deferred as a

student under section 6(h) of such Act [former subsection (h) of this section]; or any person who hereafter is deferred under the provision of this subsection, shall not be further deferred by reason of pursuit of a course of instruction at a college, university, or similar institution of learning except as may be provided by regulations prescribed by the President pursuant to the provisions of subsection (h) of this section. Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces or training in the National Security Training Corps of any category or categories of students for such periods of time as he may deem appropriate.

Petitioner states that he is presently entitled "to be deferred * * * until the end [of this] academic year" under the mandatory deferment granted by the first part of paragraph 6(i) (2). He urges that none of the elements (exceptions) found in the succeeding proviso of the paragraph apply to him.

As to the first element of the proviso it is evident that at no time has his induction been "postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948."

As seen, the second element of the proviso embraces "any person who has heretofore been deferred as a student under section 6(h) of such Act" [Selective Service Act of 1948]. The petitioner claims that this exception is not applicable to him since his 6(h) student deferments came after June 19, 1951, the effective date of the 1951 act. He says:

The word "heretofore" used in the middle element in conjunction with "heretofore" and "hereafter" in the flanking elements must surely be interpreted as identifying the same dividing point for the successive time periods, that is the date of the enactment of the 1951 act, which inserted this language, June 19, 1951.

The government agrees that "the petitioner is not subject to the first element of the proviso of Section 6(i) (2) in that his induction was never postponed under the provisions of Section 6(i) (2) of Selective Service Act of 1948." However, the government asserts that petitioner is

subject to the second element of that proviso, in that he was deferred as a student under Section 6(h) of the Selective Service Act of 1948, as amended.

The wording of subsection 6(h) in the 1948 act was amended in the 1951 act. As amended in 1951 by Public Law 51 (Universal Military Training and Service Act), subsection 6(h) of the Selective Service Act of 1948 acquired a different content than subsection 6(h) of the Selective Service Act of 1948 prior to amendment. A reference to subsection 6(h) of the Selective Service Act of 1948 therefore cannot be construed as equivalent to a reference to the Selective Service Act of 1948, as amended.

The government relies on Marsano v. Laird, U.S.C. E.D.N.Y., 298 F.Supp. 280, March 20, 1969, in which a second year graduate student was denied a paragraph 6(i) (2) deferment. The government urges that if the phrase "Selective Service Act of 1948" is restricted to its literal meaning and not "the 1948 Act as amended by the 1951 Act"

then it bars with rare exception, individuals beyond the age of thirty-five who in fact, because of age, are not subject to induction and would thus need no deferment until the end of the academic year. To interpret § 6(i) (2) in this manner would be meaningless. See Marsano v. Laird * * *.

Had the Military Selective Service Act of 1967 reenacted paragraph 6(i) (2), it would be arguable that the words "heretofore * * * deferred" of the second element of the proviso of paragraph 6(i) (2) should be construed to retrospectively cover all student (section

6(h)) deferments granted prior to July 1, 1967. However, as previously noted, Congress did not reenact 6(i) (2) as part of the Military Selective Service Act of 1967. Instead, subsection 6(i) has existed since June 19, 1951, solely by virtue of Public Law 51, *supra*.

The meaning of the second element of the proviso of paragraph 6(i) (2), and the reasonableness of this meaning, must be tested as of June 19, 1951, when the paragraph became effective, and not as of any later time. This second element reads:

> or any person who has heretofore been deferred as a student under section 6(h) of such Act [Selective Service Act of 1948]; * * *

Therefore, the unambiguous words "heretofore * * * deferred" can only be construed retrospectively from June 19, 1951, and with reference to student deferments granted under subsection 6(h) as it existed in the Selective Service Act of 1948 before subsection 6(h) was amended in 1951. So construed petitioner has not been "deferred as a student under section 6(h) of [the Selective Service Act of 1948]."

Similar construction of the second element of the proviso of paragraph 6(i) (2), limiting its application to student deferments under subsection 6(h) granted within the 1948–1951 period, have been recently reached in Bowen v. Hershey, 410 F.2d 962 (1st Cir. April 2, 1969). Foley v. Hershey, 409 F.2d 827 (7th Cir. April 8, 1969) by its agreement with and adoption of the reasons stated in Carey v. Local Board, 297 F. Supp. 252 (D.Conn.1969); and in Rich v. Hershey, 408 F.2d 944 (10th Cir. April 1, 1969). The latter court's further adjudication that Rich's receipt of a Class II–S graduate student deferment constitutes a deferment under the third exception of paragraph 6(i) (2) and consideration of this third exception with reference to the petitioner will be discussed later.

In the petitioner's earlier declaratory action Judge Kalbfleisch interpreted paragraph 6(i) (2) to mean that

A person who has been granted an undergraduate student deferment prior to 1967 pursuant to Subsection 6(h) or subsequent to 1967 pursuant to 6(h) (1) and who has received his baccalaureate degree is not entitled to a I–S classification.

Regretfully this court is unable to reach the same conclusion. Applying this court's previously expressed interpretation of paragraph 6(i) (2) the second exception to the operation of its deferment is a person who has had a student 6(h) deferment before June 19, 1951. Because of its particular wording the second exception of paragraph 6(i) (2) cannot apply to student 6(h) deferments granted between 1951 and 1967 (the period in which petitioner received his student 6(h) deferments from his local board).

The Military Selective Service Act of 1967 amended subsection 6(h) of the 1951 Universal Military Training and Service Act (Selective Service Act of 1948, as amended). Effective June 1, 1967, subsection 6(h) was expanded and subdivided. Paragraph 6(h) (1) grants mandatory deferments to students "satisfactorily" pursuing a baccalaureate degree. Paragraph 6(h) (2), on the other hand, authorizes the President to provide deferments for persons including those

> whose activity in graduate study, research, or medical, dental, veterinarian, optometric, osteopathic, scientific, pharmaceutical, chiropractic, chiropodial, or other endeavors is found to be necessary to the maintenance of the national health, safety, or interest.

Paragraph 6(h) (1) further provides "[n]o person who has received a student deferment under the provisions of this paragraph shall thereafter be granted a deferment under this subsection, nor shall any such person be granted a deferment under subsection (i) of this section if he has been awarded a baccalaureate degree * * *." Permitting no other interpretation it is evident that "this paragraph" refers to 6(h) (1), and

"this subsection" refers to 6(h) (1) and (2).

The cross reference to subsection 6(i) recognizes the continued existence and effect of subsection 6(i) and withdraw its benefits from "any such person," that is, a person "who has received a student deferment under the provisions of this paragraph." Operating prospectively from July 1, 1967, its effective date, paragraph 6(h) (1) creates a fourth exception to a 6(i) (2) deferment. This embraces any person who after July 1, 1967, receives a mandatory undergraduate deferment and a baccalaureate degree. Since petitioner received his baccalaureate degree before July 1, 1967, this fourth exception to a 6(i) (2) deferment does not apply to him.

Petitioner received a II–S deferment covering the first year of law school pursuant to section 1622.26(b) of the Selective Service Regulations. 32 CFR § 1622.26(b). This provides, insofar as material,

> Any registrant enrolled for his first year of post-baccalaureate study in a graduate school or a professional school on October 1, 1967 * * * may be placed in Class II–S * * * and shall be deferred for one academic year only * * *.

In Rich v. Hershey, *supra*, the Tenth Circuit Court of Appeals decided that section 1622.26(b), *supra*,

> is proper under the last sentence of § 6(i) (2); and, because the authorization is found in subsection (i), the third clause of the proviso is operative.

In arriving at its decision *Rich* reasoned that

> The only authority to defer graduate law students is found in the sentence of § 6(i) (2) which permits the President to defer "any category or categories of students for such periods of time as he may deem appropriate."

However, an examination of subsection 6(h) and its successor, paragraph 6(h) (2), together with the related regulations, demonstrates that the authority to make these regulations came from subsection 6(h) and now comes from paragraph 6(h) (2), rather than from paragraph 6(i) (2).

The last sentence of paragraph 6(i) (2) reads in full:

> Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces or training in the National Security Training Corps of any category or categories of students for such period of time as he may deem appropriate.

This language speaks of the President's right to provide regulations "prescribed under subsection (h) of this section." It expressly disclaims any preclusion from this subsection 6(h) rule-making power of the right to provide "for the deferment * * * of any category or categories * *. *." However, the last sentence of paragraph 6(i) (2) is not deemed to add any new rule-making authority to accomplish this purpose.

Moreover, the language of subsection 6(h) as it existed between 1951 and 1967 provides in part:

> The President is also authorized, under such rules and regulations as he may prescribe, to provide for the deferment from training and service in the Armed Forces * * * of any or all categories of persons * * * [whose] activity in study * * * or other endeavors found to be necessary to the maintenance of the national health, safety, or interest * * *.

The regulation applicable to students between 1951 and January 9, 1962, 32 CFR § 1622.25 (1962 ed.) provided as follows:

> (a) In Class II–S shall be placed any registrant whose activity in study is found to be necessary to the maintenance of the national health, safety, or interest. (b) A registrant's activity in study may be considered to be necessary to the maintenance of the na-

tional health, safety, or interest when any of the following conditions exist: [There follows a list of various categories of graduate and undergraduate students.]

The language of regulation 1622.25 thus is the President's declaration that the "activity in study" of certain categories of students was "necessary to the maintenance of the national health, safety or interest."

It is true that the student deferment regulations promulgated on July 4, 1967, by Executive Order 11360 no longer contain the broad language concerning studies which are necessary to the maintenance of the national health, safety, or interest. However, regulation 1622.20 (general rules for classification in Class II) provides now, as it has since September 1951, for classification in Class II of

civilian activities which are contributing to the national health, safety, or interest * * *. [32 CFR § 1622.-20]

This subsection again recognizes that *all* Class II deferments are based on their contribution to the "national health, safety, or interest." These latter quoted words come directly from subsection 6(h)—as it existed before 1967, and from paragraph 6(h) (2)—as it exists since June 30, 1967. It is concluded that the presidential authority to make regulation 1622.26(b), the source of petitioner's graduate II–S deferment, comes from paragraph 6(h) (2) and not from subsection 6(i). Thus, the third clause of the proviso in subsection 6(i) (2) is not applicable since petitioner has not previously been granted a deferment pursuant to subsection 6(i).

It is essential to also consider presidential regulation 32 CFR § 1622.15(b), promulgated July 4, 1967. This is modified by Local Board Memorandum 87 by the insertion of the words "after June 30, 1967," following Class II–S in subparagraph (b) (2). As modified, and to the extent here material, this reads:

(b) In Class I–S shall be placed any registrant who while satisfactorily pursuing a full-time course of instruction at a college, university or similar institution of learning and during his academic year at such institution is ordered to report for induction, except that no registrant shall be placed in Class I–S under the provisions of this paragraph

(1) who has previously been placed in Class I–S thereunder or:

(2) who has been deferred as a student in Class II–S and has received his baccalaureate degree;

At least as to subparagraph (b) (2) the authority for CFR § 1622.15 stems from the rule making power of paragraph 6(h) (1). Subparagraph (b) (2), *supra*, as modified, relates to that portion of 6(h) (1) that removes a paragraph 6(i) (2) deferment from a person who has received a student deferment under 6(h) (1). Indeed, Local Board Memorandum 87 made this quite clear by adding "after June 30, 1967." As previously seen the denial of a 6(i) (2) deferment by virtue of 6(h) (1) only applies to students receiving baccalaureate degrees after July 1, 1967. Hence, CFR § 1622.15(b), equated as it is with this part of 6(h) (1), cannot affect this year's second year graduate students, including the petitioner. In any event, it is plain that CFR § 1622.15(b) (2), a presidential regulation, cannot limit the absolute deferment of paragraph 6(i) (2), a congressional enactment.

In denying a 6(i) (2) deferment to certain graduate students (including second year law students) some courts have quoted remarks of Senator Russell, in submitting to the United States Senate, on June 12, 1967, "a report of the committee of conference * * * to amend the Universal Military Training Act * * *." 113 Cong.Rec. 15424 (1967). At one point he stated that

the legislative history is clear that the Congress believes the number of graduate deferments should be *stringently* limited, but that some such defer-

ments are important and should be permitted.

He continued:

In this connection I should mention the relevance of an existing provision of law—section 6(i) of the Universal Military Training and Service Act—which permits a college student who is ordered to report for induction to be deferred until the end of the then current academic year. Under the conference agreement this privilege would continue for persons pursuing a baccalaureate degree. Persons who had received a deferment for graduate study in fields recommended by the National Security Council as important to the national health, safety, or interest could also be deferred until the end of the academic year current at the time they were ordered to report for induction. But graduate students in other fields—that is, those studying subjects not found to be important to the national health, safety, or interest—would not be entitled to a deferment until the end of the academic year, if they were ordered to report for induction during that year.

Any expression of Congressional intent that may be attached to Senator Russell's remarks must be related to the proposed 1967 legislation that became the Military Selective Service Act of 1967. The Senator's reference in 1967 to the existing provision 6(i) of the Universal Military Training and Service Act, adopted in 1951, while of interest, can provide no evidence of Congressional intent as to what 6(i) meant when it became law in 1951.

Senator Russell's reference to a 6(i) deferment is pertinent and evidentiary as it reveals the intent in enacting the further exception to a 6(i) deferment as part of paragraph 6(h) (1). As pre-

viously noted, the restriction on a 6(i) (2) deferment brought about by paragraph 6(h) (1) applies only to students who achieve their baccalaureate degrees after July 1, 1967.

The 1967 act does not otherwise affect 6(i) deferments. As a result present second year graduate students, but not first year graduate students, who have not previously received a 6(i) deferment are still entitled to a 6(i) deferment. The authority given local boards by CFR § 1622.26(b) to place in Class II-S graduate students enrolled on October 1, 1967, for their first year of graduate study (present second year graduate students), with the deferment "for one academic year only," related to a Class II-S graduate deferment. It expressly did not refer to, and it could not take the place of, any statutory 6(i) (2) deferment to which second year graduate students (including the petitioner) are herein held to be entitled.

The task of the local board is vital, difficult, and thankless as well as payless. Attempting to carry out the applicable selective service laws and regulations it has denied the petitioner a 6(i) (2) deferment. Nevertheless, upon the undisputed facts and in accordance with the law, as herein construed, it is concluded and determined that petitioner is entitled to the mandatory deferment conferred by 6(i) (2). This deferment remains in effect until the end of this academic year. When his regularly scheduled second year law examinations are completed he will become subject to immediate induction.

It is, therefore, found and determined that petitioner's induction of March 28, 1969, without extending to him a 6(i) (2) deferment, renders his induction unlawful. The petition for a writ of habeas corpus is granted and the writ shall issue.