**Arthur L. BOWEN, Applicant,**

**v.**

**Lewis B. HERSHEY et al., Applicees.**

**No. 304.**

United States Court of Appeals
First Circuit.

March 26, 1969.

John G. S. Flym, Boston, Mass., for applicant upon application and memorandum in support thereof.

Paul F. Markham, U. S. Atty., and Stanislaw R. J. Suchecki, Asst. U. S. Atty., for applicees upon memorandum in opposition to application.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

■ This case, if it be thought that defendants are right in their belief as to what Congress intended, is another demonstration of the wisdom of the Biblical warning against putting new wine into old bottles, here the insertion of new concepts into an old statute. The specific question is whether a memorandum propounded under the Military Selective Service Act of 1967, 50 App. U.S.C. § 451 et seq., hereafter the 1967 Act, denying certain students a I–S deferment, the special deferment permitting completion of the academic year, is invalid as contrary to the provisions of the Act itself. A second question sought to be raised by the defendants, the absence of jurisdiction of the district court because of section 10(b) (3) of the Act, 50 App. U.S.C. § 460(b) (3) is inseparable from the first. If the memorandum is contrary to the Act ("without statutory basis and in conflict with petitioner's rights explicitly established by the statute and not dependent upon an

act of judgment by the board," Clark v. Gabriel, 1968, 393 U.S. 256, 258, 89 S.Ct. 424, 426, 21 L.Ed.2d 418) section 10(b) (3) does not apply. Oestereich v. Selective Service System Local Board No. 11, 1968, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed. 2d 402. We see no distinction between the Director's unlawful removal of a statutorily granted exemption, *Oestereich, supra*, and equally unlawful refusal to grant a statutorily required deferment. See Kimball v. Selective Service Local Board No. 15, S.D.N.Y., 1968, 283 F.Supp. 606, 608. The single question to be decided, whether it be termed jurisdictional or substantive, is whether the statute mandated, or merely permitted, the deferment.

Plaintiff, a second year law student in good academic standing, when called for induction in February 1969, applied for a I-S deferment. On refusal, he sought mandamus in the district court, or a declaratory judgment of invalidity of the memorandum authorizing his immediate induction,[1] asserting it to be contrary to section 6(i) (2) of the Act, 50 App. U.S.C. § 456(i) (2). The defendants are the Director of Selective Service and the members of the appropriate local board. The district court rejected plaintiff's contentions, dismissed the complaint, and denied a stay pending appeal. Plaintiff applied to this court and we granted a brief stay. We consider at this point whether the stay should remain in effect until the defendants have an opportunity to file a more comprehensive brief and present oral argument, if they are so minded.

Section 6(i) (2), which appeared in its present form in the Universal Military Training and Service Act of 1951, hereinafter the 1951 Act, reads as follows.

"Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier: *Provided*, That any person who has heretofore had his induction postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948; or any person who has heretofore been deferred as a student under section 6(h) of such Act; or any person who hereafter is deferred under the provision of this subsection, shall not be further deferred by reason of pursuit of a course of instruction at a college, university, or similar institution of learning except as may be provided by regulations prescribed by the President pursuant to the provisions of subsection (h) of this section."

Universal Military Training and Service Act, ch. 144, § 6(i) (2), 65 Stat. 85, now 50 App. U.S.C. § 456(i) (2). Under the 1948 Act, Selective Service Act of 1948, ch. 625, § 6(i) (2), 62 Stat. 612, all students inducted during an academic year were entitled to a I-S postponement. The 1951 Act continued this availability, but excluded those who had already received a postponement under the 1948 Act, or a I-S deferment under the 1951 Act. It also excluded those who had received a II-S, or ordinary student deferment under the 1948, but not under the 1951 Act.[2]

1. "Section 1622.15(b) (2) of the Selective Service Regulations refers to a registrant who has been placed in Class II-S after June 30, 1967, and has a baccalaureate degree." Local Board Memorandum 87. See also Selective Service Reg. 1622.15 (b), 32 C.F.R. § 1622.15(b), " * * * no registrant shall be placed in Class I-S * * * (2) who has been deferred as a student in Class II-S and has received his baccalaureate degree."

2. Plaintiff suggests that the special reason for this last was the fear that a 1948 Act student might use a I-S to carry himself past the age of exposure. Provision was made in this Act, however, for an extension of liability to age 35 for those who

Under the 1951 Act, section 6(h), a II–S student, undergraduate or graduate, was, except by presidential order, liable for induction at any time, (although, in point of fact, considerable liberality prevailed) subject to the single I–S deferment under section 6(i) (2) if available. In 1967 Congress amended the statutes again. It subdivided section 6(h), adding a new paragraph (h) (1), and making old (h) a new paragraph, (h) (2). The important difference so far as paragraph (h) (2) is concerned is that it was changed to "graduate" study, instead of all study. New paragraph (h) (1) made the undergraduate deferment compulsory until the baccalaureate degree (or until loss of good standing, or age 24, if either earlier occurred). It continued,

> "No person who has received a student deferment under the provisions of this paragraph shall thereafter be granted a deferment under this subsection, nor shall any such person be granted a deferment under subsection (i) of this section if he has been awarded a baccalaureate degree, except  *  *  *." [3]

Section 6(i) (2) was left unchanged in 1967.

▉▉▉ In a nutshell, plaintiff's position is that he fits precisely within the first clause of section 6(i) (2), and that nothing removes him. We find it difficult to disagree. Obviously he was never

"postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948." Plaintiff says that he was not "deferred as a student under section 6(h) of such Act" because "such Act" meant the 1948 Act. Clearly in 1951, when section 6(i) (2) in its present form was enacted, "such Act" meant the 1948 Act. It has not been changed since.[4]

Nor is plaintiff a "person who hereafter is deferred under the provision of this subsection." Plaintiff has never been deferred under section 6, subsection (i), either (1) or (2), either before or after 1967. Accordingly, by leaving section 6(i) (2) untouched in 1967, Congress did nothing to remove future inductees from its application.

Correspondingly, if we look back to new section 6(h) (1), *supra*, the cross provision there forbidding I–S deferment under subsection (i) is restricted to "such person," and "such person" is in terms defined as a "person who has received a student deferment under the provisions of this paragraph  *  *  *." Plaintiff did not receive his undergraduate deferment under section 6(h) (1) of the 1967 Act; it did not exist. He did not receive his graduate deferment under that paragraph either; he received it under the subsequent paragraph, section 6(h) (2). We therefore find apparent

---

claimed I–S deferments. Universal Military Training and Service Act, ch. 144, § 6(h), 65 Stat. 84. The legislative history of the 1951 Act suggests to us that Congress did have other sound reasons for allowing I–S deferments to those who would be deferred under the 1951 Act. It may have wished to force 1948 Act students to go through the II–S procedures of the 1951 Act, or it may have wanted to give later students the chance of having one statutorily deferred year before their deferments became subject to presidential discretion. Cf. H.R.Rep. No. 271, 82d Cong., 1st Sess., 1951 U.S. Code & Adm.Serv., vol. 2, p. 1500 (1951).

3. The exceptions are not presently material.

4. Even if regulations could enlarge on statutory exclusions, we cannot read the pertinent regulation as embracing all those

who have at any time held a II–S deferment. The regulation in effect between 1951–1967 specifically excluded the registrant "who prior to June 19, 1951, had his induction postponed under section 6(i) (2) of the Selective Service Act of 1948, as amended, or was deferred as a student under section 6(h) of such act." 32 C.F.R. § 1622.15(b) (2) (1951). The 1967 regulation, *supra* n. 1, however, does not contain these specific references to the 1948 Act and states merely that a registrant "who has been deferred as a student in Class II–S and has received his baccalaureate degree" is excluded. That this blanket reference to Class II–S was not intended to pick up II–S registrants under the 1948 and 1951 Acts is made clear by Local Board Memorandum No. 87 itself, which defines the referenced Class II–S as those registrants so classified "after June 30, 1967."

consistency between sections 6(i) (2) and 6(h) (1). Nor is there anything in section 6(h) (2) which purports to deprive plaintiff of the section 6(i) (2) deferment.

In this circumstance defendants make several policy arguments, the most cogent of which is that graduate deferments were made at the will of the President with the 1967 Act, and the I–S deferment was removed therefrom. But graduate deferments were always at the will of the President—as were undergraduate deferments until 1967. The question is not whether the President could limit the fields of deferable graduate study but whether Congress wished to allow a student who had already begun his work to finish out the year. We find no certain answer in the only legislative history offered, the remarks of Senator Russell, the bill's manager in the Senate.[5] The language of the statute, however, seems clear.

We have read with care not only the decision of the court below but the decisions both ways on this subject elsewhere. *Semble accord*: Carey v. Local Board No. 2, 297 F.Supp. 252, D.Conn., Feb. 13, 1969; Armendariz v. Hershey, 295 F.Supp. 1351, W.D.Tex., Feb. 5, 1969. *Contra*: Rosenfield v. Selective Service System Local Board No. 19, 298 F.Supp. 276, W.D.Pa., Feb. 13, 1969; Kaplish v. Hershey, N.D.Ohio, Feb. 7, 1969, *stay* denied, Kaplysh v. Hershey, 394 U.S. 901, 89 S.Ct. 1007, 22 L.Ed.2d 214, March 10, 1969. We find nothing in the cases that are opposed to our analysis sufficient to persuade us to revoke our stay. If the defendants wish further consideration on fuller briefs they may ask for it. Otherwise, final affirmative relief will be ordered for the plaintiff on May 1, 1969.

---

5. "Persons who had received a deferment for graduate study in fields recommended by the National Security Council as important to the national health, safety, or interest could also be deferred until the end of the academic your current at the time they were ordered to report for induction. But graduate students in other fields—that is, those studying subjects not found to be important to the national health, safety, or interest—would not be entitled to a deferment until the end of the academic year, if they were ordered to report for induction during that year." 113 Cong.Rec. S8051 (daily ed. June 12, 1967). Other legislative history is no more illuminating.