Joel D. RICH, Plaintiff-Appellant,

v.

Lewis B. HERSHEY, Director of Selective Service; Herbert Hope, State Director, Oklahoma Local Board #76 (Tulsa, Oklahoma) Selective Service System; Local Board #3 (Denver, Colorado) Selective Service System; Howard Cowan, Chairman, Robert Copeland, George D. Te Riche, Ruth Peterson and Jewell R. Mann, Members of Local Board #76, Defendants-Appellees.

No. 134–69.

United States Court of Appeals
Tenth Circuit.

April 1, 1969.

Milnor H. Senior, Denver, Colo., for plaintiff-appellant.

Lawrence M. Henry, U. S. Atty., for Dist. of Colorado, for defendants-appellees.

Before MURRAH, Chief Judge, and BREITENSTEIN and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The question is whether appellant-plaintiff Rich has an absolute statutory right to a I–S classification under § 6 (i) (2) of the Military Selective Service Act of 1967, 50 U.S.C.App. § 456(i) (2).

He says that he does and is entitled to both an injunction against induction into the armed services and a writ of mandamus directing the Selective Service to give him such a classification. The district court heard the matter on an application for a temporary restraining order. No evidence was offered or received. The district court denied the temporary restraining order and dismissed the action. On appeal, we heard argument and granted a five-day stay to permit further briefing and to allow time for consideration of the issues.

The following pertinent facts appear from the allegations of the complaint and the uncontroverted statements of counsel in the briefs. From September, 1961 to June, 1966, plaintiff had an undergraduate II–S classification. He received a baccalaureate degree in January, 1966. Since September, 1967, plaintiff has been a full-time graduate student at the School of Law of the University of Denver. During the academic year 1967–1968, the plaintiff had a graduate II–S classification which expired in August, 1968. He was then classified I–A. His appeal of that classification was denied. In May, 1968, he received a physical examination and was found qualified for induction. On November 23, 1968, he received an induction order. The time to report for induction was extended to March 24, 1969.

The action was filed on March 17 and the application for a temporary restraining order was heard by the district court on March 20 and denied on March 21. We heard oral argument on March 21.

The government has assured the court that if plaintiff requests a postponement of induction until the completion of the current academic year, the request will be granted by Selective Service. The attorney for the plaintiff has told the court that his client will not make such request and insists on his right to a I–S classification.

The complaint alleges that the controversy arises under the Constitution and laws of the United States and that the jurisdictional amount is present. Ab-

sent any question on the jurisdictional amount, we have jurisdiction under 28 U.S.C. § 1331 unless the action is barred by § 10(b) (3) of the Act, 50 U.S.C.App. § 460(b) (3).[1]

In Oestereich v. Selective Service System Local Board No. 11, Cheyenne, Wyoming, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed. 2d 402, the registrant claimed a § 6(g), 50 U.S.C. App. § 456(g), exemption as a divinity student. The Court held that § 10(b) (3) did not bar judicial review of his right to the statutory exemption and remanded the case for proof of the facts and satisfaction of the jurisdictional requirements of 28 U.S.C. § 1331.

Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418, presented a situation where the registrant sought to enjoin induction on the ground that his claim to conscientious objector classification was wrongly rejected. The district court granted the injunction and the Supreme Court reversed. In distinguishing Oestereich, the Court said (393 U.S. 256, 258, 89 S.Ct. 424, 426):

"Oestereich, as a divinity student, was by statute unconditionally entitled to exemption. Here, by contrast, there is no doubt of the board's statutory authority to take action which appellee challenges, and that action inescapably involves a determination of fact and an exercise of judgment. * * *

" * * * To allow pre-induction judicial review of such determinations would be to permit precisely the kind of 'litigious interruptions of procedures to provide necessary military manpower' * * * which Congress sought to prevent when it enacted § 10 (b) (3)."

In Boyd v. Clark, 393 U.S. 316, 89 S. Ct. 553, 21 L.Ed.2d 511, a registrant challenged the constitutionality of the student-deferment provision of § 6(h) (1), 50 U.S.C.App. § 456(h) (1). The

Supreme Court sustained the dismissal of the suit on the authority of Clark v. Gabriel.

■ Oestereich was concerned with a statutory exemption. We are concerned with a statutory deferment. In our opinion the difference is unimportant. If the right to the deferment is absolute and the Selective Service has a statutory mandate to grant it, Oestereich controls and the action is not barred by § 10(b) (3). The contrary is true if the grant of the deferment is discretionary.

■ Section 6(h) (1 )says that the President shall provide for the deferment of persons satisfactorily pursuing a full-time course of college instruction. This is an undergraduate II–S classification. So long as the course is satisfactorily pursued the deferment continues until a baccalaureate degree is received or the registrant is twenty-four years of age. The provision of § 6(h) (1) that no person who has received a deferment thereunder shall be granted a deferment under subsection (i) does not apply to the plaintiff because this provision was incorporated by the 1967 amendment, 81 Stat. 100, 102, and the plaintiff's undergraduate II–S classification was given under the previous law.

Section 6(h) (2) authorizes the President to defer persons engaged in certain graduate studies. This is a graduate II–S classification. The plaintiff had a graduate II–S classification during his first year in law school. This classification was authorized by 32 C.F.R. § 1622.-26(b).

Section 6(i) (2) says that a person who is satisfactorily pursuing a full-time college course and who is ordered to report for induction shall be deferred until the end of the academic year or until he ceases to satisfactorily pursue such course, with exceptions contained in a proviso. This is a I–S classification

---

1. The material portion of § 10(b) (3) is: "No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title * * *, after the registrant has responded either affirmatively or negatively to an order to report for induction, * * *."

which the plaintiff seeks and which has been denied to him. Paraphrased, the proviso denies deferment to

(1) any person who has heretofore had his induction postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948;

(2) any person who has heretofore been deferred as a student under section 6(h) of such Act; and

(3) any person who hereafter is deferred under the provision of this subsection.

The Selective Service regulation, 32 C.F.R. § 1622.15(b), implementing § 6 (i) (2) provides in material part that:

" * * * no registrant shall be placed in Class I–S * * *

(2) who has been deferred as a student in Class II–S and has received his baccalaureate degree."

The director of Selective Service has interpreted Regulation 1622.15(b) by Local Board Memorandum No. 87 which says:

"Section 1622.15(b) of the Selective Service Regulations refers to a registrant who has been placed in Class II–S after June 30, 1967, and has a baccalaureate degree."

The plaintiff urges that Regulation 1622.15(b) as interpreted by LBM No. 87 contravenes § 6(i) (2) and cannot be used to deny him a I–S classification.

▪ This brings us back to the exceptions found in the § 6(i) (2) proviso. The first is any person who has been deferred under § 6(i) (2) of the Selective Service Act of 1948. See 62 Stat. 604, 612. The second is any person who has heretofore been deferred as a student under section 6(h) of such Act. The government argues that the second clause operates prospectively and that such congressional intent is shown by H.R. 271 reporting on the 1951 act. See U.S.Code Cong. & Admin.Serv. '51, pp. 1472, 1500. We agree that the House report shows such intent but the difficulty is the phrase "has heretofore been deferred." This covers only 6(h) deferments grant-

ed before the passage of the 1951 act, 65 Stat. 75, 84, and by its terms would not apply to the plaintiff. Subsection (i) was not changed by the 1967 act.

The third clause of the proviso refers to a person who "hereafter is deferred under the provision of this subsection." The plaintiff's contention is that this means that a person who has previously received a I–S classification may not "hereafter" be given a second I–S and hence does not cover the plaintiff who has never received a I–S. With reference to Regulation 1622.15(b) the plaintiff says that the second clause thereof must be read to bar a I–S only to those who have been granted an undergraduate II–S since July 1, 1967, and have thereafter received a baccalaureate degree. The plaintiff received his degree in 1966 and during his first year in law school had a graduate II–S.

The concluding sentence of § 6(i) (2) reads:

"Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces * * * of any category or categories of students for such periods of time as he may deem appropriate."

Section 6(h) (2) authorizes, but does not require, the President to prescribe regulations to defer students in certain named graduate fields "or other endeavors * * * necessary to the maintenance of the national health, safety, or interest." No claim is made that the study of law in a graduate school is within the stated fields or has been so declared by the President. The only authority to defer graduate law students is found in the last sentence of § 6(i) (2) which permits the President to defer "any category or categories of students for such periods of time as he may deem appropriate."

▪ The President's Executive Order 11360, issued July 4, 1967, now appearing

in 32 C.F.R. § 1622.26(b), reads so far as material:

"* * * Any registrant enrolled for his first year of post-baccalaureate study in a graduate school or a professional school on October 1, 1967, * * * may be placed in Class II–S * * * and shall be deferred for one academic year only, * * *."

We find no other authorization for the II–S classification which the plaintiff held in the 1967–1968 academic year. The regulation is proper under the last sentence of § 6(i) (2); and, because the authorization is found in subsection (i), the third clause of the proviso is operative.

■ The second clause of Regulation 1622.15(b) denies a I–S deferment to a student who has been classed II–S and received his baccalaureate degree. LBM No. 87 says that the reference in such clause is to a registrant who has had a class II–S deferment after June 30, 1967, and has received his baccalureate degree. We believe that this interpretation is consistent with Regulation 1622.26(b) and is a reasonable exercise of the discretion given by § 6(i) (2).

The suggestion that the reference in § 6(i) (2) to "regulations prescribed under subsection (h)" means that any graduate deferment arises from (h) (2) rather than from (i) (2) does not impress us. The graduate deferments authorized by (h) (2) are in specific fields which do not include the study of law. Subsection (h) (2) gives the President discretionary powers to make regulations covering the designated fields. Subsection (i) (2) adopts the machinery of subsection (h) (2) for the grant of deferments in fields other than those covered in (h) (2). The discretionary power to grant a deferment to a graduate law student comes only from (i) (2). This reading of the statute does violence to none of the provisions of either (h) or (i) and brings the regulations in harmony with the statutes.

Our conclusions are fortified by the legislative history of the 1967 act. In submitting the Conference Report to the Senate, Senator Russell said that graduate students pursuing subjects not found to be important to the national health, safety, or interest would not be entitled to a deferment "until the end of the academic year, if they were ordered to report for induction during that year."[2]

■ Section 6(i) (2) bars plaintiff from a I–S deferment if he has been deferred under its provisions. He has been so deferred by being placed in II–S for 1967–1968 as permitted by the last sentence of § 6(i) (2). The pertinent regulations, and the LBM No. 87 interpretation, are reasonable and proper exercises of discretionary power granted by statute. It follows that the plaintiff has no absolute statutory right to a I–S deferment. Selective Service has acted within its discretionary powers. Section 10(b) (3) bars judicial review. See Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L.Ed.2d 418, and Kolden v. Selective Service Local Board No. 4, 8 Cir., 406 F.2d 631.

Affirmed.

2.  113 Cong.Rec. S 8051. The statement, so far as pertinent, is: "In this connection I should mention the relevance of an existing provision of law—section 6(i) of the Universal Military Training and Service Act—which permits a college student who is ordered to report for induction to be deferred until the end of the then current academic year. Under the conference agreement this privilege would continue for persons pursuing a baccalaureate degree. Persons who had received a deferment for graduate study in fields recommended by the National Security Council as important to the national health, safety, or interest could also be deferred until the end of the academic year current at the time they were ordered to report for induction. But graduate students in other fields—that is, those studying subjects not found to be important to the national health, safety, or interest—would not be entitled to a deferment until the end of the academic year, if they were ordered to report for induction during that year."