Lansing E. **CRANE** et al., Plaintiffs, Appellants,

v.

Lewis B. **HERSHEY**, Director of Selective Service, et al., Defendants, Appellees.

No. 7319.

United States Court of Appeals First Circuit.

May 22, 1969.

---

John G. S. Flym, Boston, Mass., for appellants.

Morton Hollander, Attorney, Department of Justice, with whom William D. Ruckelshaus, Asst. Atty. Gen., Paul F. Markham, U. S. Atty., and Ralph A. Fine, Attorney, Department of Justice, were on brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

▮ Having, since our opinion dated March 26, 1969, 410 F.2d 962 granting a stay pending appeal, to which reference is made for the facts and the contentions of the parties, received further briefs and heard oral argument, we now hold that Bowen and his co-appellant Crane are entitled to the requested relief, for essentially the reasons previously given. The defendants, hereinafter referred to as the government, present nothing of substance that is new.[1] However, we are led by certain of the cases now cited to expand somewhat on our earlier opinion.

▮▮ We remain unimpressed by the government's attempted distinction between statutory exemptions, as in *Oestereich, supra,* n. 1, and statutorily dictated deferments. Whatever distinctions there may be between required deferments and exemptions, *cf.* Anderson v. Hershey, 6 Cir., April 11, 1969, 410 F.2d 492; Kraus v. Selective Service System Local 25, 4 Cir., March 13, 1969, 408 F.2d 622 (holder of III–A deferment under 6(h) (2) subject to delinquency regulations); Kolden v. Selective Service Local Board No. 4, 8 Cir., Jan. 28, 1969, 406 F.2d 631 (holder of II–S deferment under 6(h) (2) subject to delinquency regulations), we have no present occasion to rule. The government does not offer a delinquency regulation, but only an administrative interpretation of the statutory provision.

A case more in point, and on which the government heavily relies, is Rich v. Hershey, 10 Cir., April 1, 1969, 408 F.2d 944. The holding of that case and the contention here is that those in plaintiffs' position were in fact deferred once pursuant to section 6(i) (2) of the Act, 50 App. U.S.C. § 456(i) (2), and hence are ineligible for a second such deferment. The first section 6(i) (2) deferment to which the court in *Rich* refers was the general II–S deferment granted to all graduate students by the President in July 1967. Exec. Order No. 11360, 32 C.F.R. § 1622.26(b). We cannot agree that the authority for this directive was

1. We reject the government's contention that Oestereich v. Selective Service System Local Board No. 11, 1968, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402, holds that an exemption to section 10(b)(3) of the Military Selective Service Act of 1967, 50 App.U.S.C. § 460(b)(3), will only exist when the government confesses error. A government admission provides persuasive evidence that the statutory right is clear, but such an admission is not essential. The jurisdiction of the district courts cannot be supposed to turn on the amiability of the government. A comparison of Boire v. Greyhound Corp., 1964, 376 U.S. 473, 84 S.Ct. 894, 11 L. Ed.2d 849; with Leedom v. Kyne, 1958, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, does not require so unlikely a result.

found in section 6(i) (2). Rather, the obvious source of power for the President's action lay in section 6(h) (2):

"[T]he President is authorized, under such rules and regulations as he may prescribe, to provide for the deferment from training and service in the Armed Forces of any or all categories of persons * * * whose activity in graduate study, research, or medical, dental, veterinary, optometric, osteopathic, scientific, pharmaceutical, chiropractic, chiropodial, or other endeavors is found to be necessary to the maintenance of the national health, safety, or interest * * *."

The grant of power is broad and the list of subjects is not conclusive, but on the contrary, is in the disjunctive, beginning and ending with broad references to "graduate study" or "other endeavors." The language is spacious enough to cover a presidential decision that all graduate study would be, for a limited period, "necessary to the maintenance of the national * * * interest." The only objection to such a reading of section 6(h) (2) that can be drawn from the statute is that the power to confer one-year graduate deferments is limited by the provisions of section 6(i) (2). It was to forestall just such an objection, we believe, that the following disclaimer was inserted in section 6(i) (2):

"Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces or training in the National Security Corps of any category or categories of students for such periods of time as he may deem appropriate."

With all respect to the *Rich* court we do not see how this language can be construed as an independent grant of authority. Rather, it is an effort to avoid any implied limit on the President's discretionary power to defer, a power arising, as the language itself notes, from section 6(h). Indeed the part of section 6(i) (2) in question, like the rest of that paragraph, was enacted in 1951. Universal Military Training and Service Act, ch. 144, § 6(i) (2), 65 Stat. 85. If the government were right about the statutory authority for 32 C.F.R. § 1622.26 (b), then the same argument would be applicable to that section's predecessor, 1622.25, which before 1967 provided for all student deferments, and all those deferments would have been granted pursuant to section 6(i) (2). Thus by operation of the last sentence of section 6(i) (2) there would exist no one to whom the first part of that paragraph could apply. The position is untenable.

The government suggests and the *Rich* court implies that granting relief to those like Bowen and Crane violates the purpose of the 1967 Act. It is doubtless true that one of the chief evils at which Congress aimed was the piling of one graduate deferment upon another so as to escape service altogether. Bowen and Crane, however, will not be in a position to attempt such a maneuver. For once they have received their I–S deferments pursuant to this decision they will have had deferments under section 6(i) of the Act, and by virtue of section 6(h) will be placed in the prime age group at the expiration of their I–S deferments, subject to a high probability of induction and unable to avail themselves again of the I–S deferment.

The Seventh Circuit has arrived at a similar result to the one reached here. Foley v. Hershey, 7 Cir., April 8, 1969, 409 F.2d 827.

An order will be entered directing that plaintiffs be classified I–S for the second half of their graduate study year, ending such date in the late spring or early summer of 1969 as it would normally end under the regulations applicable to such deferment.