**George A. MOURGIS, Plaintiff,**

v.

**Lewis B. HERSHEY, Director of Selective Service, et al., Defendants.**

**Civ. A. No. 69–740.**

United States District Court
D. Massachusetts.

July 24, 1969.

Endicott Peabody, Boston, Mass., Washington, D. C. and Christie P. Perdikes, Boston, Mass., for plaintiff.

Herbert F. Travers, U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., for defendant.

## OPINION

CAFFREY, District Judge.

This is a civil action in which plaintiff, a resident of Cambridge, Massachusetts, and a registrant under the Selective Service System with Local Board No. 17, Cambridge, seeks temporary and permanent injunctive relief against Local Board 17 and the national and state directors of the Selective Service System.

The matter came before the Court upon plaintiff's application for a preliminary injunction and upon defendants' motion to dismiss and/or for summary judgment. Plaintiff also seeks an order from this Court in the nature of mandamus directing the defendants to procure the appointment of a Government appeal agent for Local Board No. 17.

After hearing I rule that the instant case must be dismissed because this Court lacks jurisdiction to entertain an action of this type by reason of the provisions of Section 10(b) (3) of Public Law 90–40, 50 App. U.S.C.A. § 460(b) (3). This statute provides in pertinent part:

"* * * No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title (section 462 of this Appendix) after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form. Provided, that such review shall go to the question of the jurisdiction herein reserved to local boards, appeal boards, and the President only when there is no basis in fact for the classification assigned to such registrant."

Plaintiff's reliance on the decision of the Supreme Court in Oestereich v. Selective Service System, Local Board No. 11, et al., 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), is misplaced. That case dealt with a totally different situation than the one presented here. There, the Court observed, at pp. 237–238, 89 S.Ct., at p. 416:

"We deal with conduct of a local Board that is basically lawless. * * * In such instances, as in the present one,

there is no exercise of discretion by a Board in evaluating evidence and in determining whether a claimed exemption is deserved. The case we decide today involves a clear departure by the Board from its statutory mandate. * * *"

The Court also characterized the conduct of Local Board 11 in that case (p. 238, 89 S.Ct. p. 417) as "blatantly lawless," and concluded with the observation:

"Since the exemption granted divinity students is plain and unequivocal and in no way contested here * * * we conclude that pre-induction judicial review is not precluded in cases of this type."

■ That cases not "of this type" are still beyond the pale of pre-induction judicial review was reiterated by the Supreme Court in the case of Clark v. Gabriel, 393 U.S. 256, 89 S.Ct. 424, 21 L. Ed.2d 418 (1968), on the same day it handed down its opinion in Oestereich. In Clark the petitioner, like the petitioner in the instant case sought to raise among other points the issue of the denial to him of procedural due process. He claimed a denial of due process because of the hostility and bias against him of certain members of the board. The Court pointed out the distinction between Clark's situation and Oestereich's with the observation (p. 258, 89 S.Ct. p. 426):

"Here, by contrast, there is no doubt of the board's statutory authority to take action which appellee challenges, and that action inescapably involves a determination of fact and an exercise of judgment. * * *

"Here the board has exercised its statutory discretion to pass on a particular request for classification, evaluating evidence and * * * determining whether a claimed exemption is deserved. * * * To allow preinduction judicial review of such determinations would be to permit precisely the kind of 'litigious interruptions of procedures to provide necessary military manpower' * * * which

Congress sought to prevent when it enacted § 10(b) (3)."

Here plaintiff claims a denial of procedural due process due to the lack of a government appeal agent for his local board.

I rule that the instant case on its facts involves neither a plain and unequivocal statutory exemption, such as that involved in Oestereich, nor a clearly defined right to deferment pursuant to a duly promulgated regulation of the Selective Service Act of the type involved in Bowen v. Hershey, et al., 410 F.2d 962 (1 Cir., March 26, 1969), and in Crane v. Hershey, et al., 410 F.2d 966 (1 Cir., May 22, 1969). Rather, it involves a registrant who claims a right to the classification III–A as a hardship deferment case, the determination of which depends upon the exercise of judgment by the local board. Because of the necessity of that exercise of discretion and judgment by the board, Oestereich is inapplicable vis-a-vis the particular type deferment claimed here. It has been so held in Kolden v. Selective Service Local Bd. No. 4, Beltrami County, Minn., 406 F.2d 631 (8 Cir., 1969); Kraus v. Selective Service System, Local 25, 408 F.2d 622 (4 Cir., 1969). See, also, Rosenfield v. Selective Service System, Local Bd. No. 19, Pittsburgh, Pa., 298 F.Supp. 276, 279 (W.D.Pa.1969).

■ Even if mandamus, as distinguished from injunctive relief, were available to a registrant not falling within the narrow exception carved out by Oestereich, petitioner here cannot prevail because under 28 U.S.C.A. sec. 1361 mandamus lies "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Respondents in this case do not have a legal duty to appoint an appeal agent since 32 C.F.R. sec. 1604.-71(a) makes it clear that any such duty lies with the President upon the recommendation of the Governor of the State in which the local board is located.

Consequently, this Court lacks jurisdiction and accordingly the motion for summary judgment is allowed.