John Victor **COMPHER**

v.

**TENNESSEE SELECTIVE SERVICE SYSTEM, LOCAL BOARD NO. 50, Knoxville, Tennessee, Local Board No. 10, P. O. Building, Elizabethton, Tennessee.**

**Civ. A. No. 6687.**

United States District Court
E. D. Tennessee, N. D.
July 30, 1969.

Wilson Ritchie, Knoxville, Tenn., for plaintiff.

John C. Bowers, Jr., U. S. Atty., Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for defendants.

MEMORANDUM

ROBERT L. TAYLOR, Chief Judge.

John Victor Compher, a twenty-four year old full-time graduate student, engaged in the study of German at the University of Tennessee Graduate School, seeks an order directing the Tennessee Selective Service System Local Board No. 10, located at Elizabethton, Tennessee, to give him a I-S classification pur-

suant to the terms of the Military Selective Service Act of 1967 (50 U.S.C.A. App. § 456) and a preliminary injunction enjoining Local Boards Nos. 10 and 50, the latter being located in Knoxville, Tennessee, from inducting him into the Armed Forces of the United States, which is scheduled for July 31, 1969.

The defendants have moved to dismiss the complaint upon the ground that the Court lacks jurisdiction under Section 10(b) (3), 50 U.S.C.A. App. § 460 (b) (3).

The allegations of the complaint show the following facts:

Plaintiff is residing in Knox County and the two-named draft boards, Local Board No. 50 and Local Board No. 10, are governmental agencies existing for the purpose of administering the selective service rules and regulations under the Military Selective Service Act of 1967. That Local Board 50 is operating and acting as the agent of Local Board 10, in accordance with a letter dated June 12, 1969 from Mrs. Frances S. Harvey, Clerical Assistant, Local Board No. 10.

Plaintiff was ordered to report for induction on June 23, 1969, but was advised in the Harvey letter that he could make written request for transfer of delivery for induction and on June 20 he was transferred to Local Board 50 for delivery to an induction station which, as previously indicated, is scheduled for July 31, 1969. The academic year under the graduate program which plaintiff is pursuing at the University will not terminate until March, 1970. He was deferred under the provisions of Section 6(h) (2) [1], 50 U.S.C.A. App. § 456

(h) (2), ("Graduate II-S") of the Military Selective Service Act of 1967 during the academic year 1967–68 with the classification expiring on November 14, 1968, at which time he was classified as I-A. He has not been deferred under Section 6(h) (1) [2], 50 U.S.C.A. App. § 456(h) (1), ("Undergraduate II-S") of the Act of 1967. He appealed his I-A classification on December 6, 1968, which was denied on December 19, of the same year. On January 7, 1969 Colonel Thomas B. Ketterson, Assistant State Director, notified the father of plaintiff that:

"As it is the opinion of this headquarters that your son did file a valid appeal, the State Director is exercising his authority to appeal your son's classification as an administrative matter. However, it must be realized the Selective Service deferments for students who began graduate work in the fall of 1967 were to be for one year only and no further deferment is permitted under current procedures."

Plaintiff received notice on April 1, 1969 from the Tennessee State Appeal Board that his appeal had been denied. On April 2, 1969 Herrmann Banner, Executive Secretary, Local Board No. 10, mailed to the plaintiff an order to report for induction on April 15, 1969. Induction was postponed on April 4, 1969 by the authority of the State Director under the provisions of Section 1632.2(a) of the Selective Service Regulations from April 15, 1969 until June 7, 1969.

Plaintiff applied for and was denied deferment in Class I-S under Section

1. "(h) (2) Except as otherwise provided in this subsection the President is authorized, under such rules and regulations as he may prescribe, to provide for the deferment from training and service in the Armed Forces of any or all categories of persons * * * whose activity in graduate study, research, or medical, dental, veterinary, optometric, osteopathic, scientific, pharmaceutical, chiropractic, chiropodial, or other endeavors is found to be necessary to the main-

tenance of the national health, safety, or interest: * * *."

2. "(h) (1) Except as otherwise provided in this paragraph, the President shall, under such rules and regulations as he may prescribe, provide for the deferment from training and service in the Armed Forces of persons satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution of learning and who request such deferment. * * *"

6(i) (2) [3] of the Military Selective Service Act of 1967, 50 U.S.C.A. App. § 456(i) (2), by his Local Board No. 10. On June 19, 1969, Mrs. Harvey wrote to Wilson S. Ritchie, plaintiff's attorney, that plaintiff's file, upon vote of the Elizabethton Board, was forwarded to State Headquarters for review and recommendations. Following the referral, Herrmann Banner of Local Board No. 10 wrote plaintiff's attorney, Mr. Ritchie, as follows:

"You are advised as directed by the Board that the file, full contents and requests of John Victor Compher were reviewed on July 1, 1969, by the full board. You are advised that 'Graduate Students who have received a Baccalaureate degree; awarding a I-S-C classification is contrary to regulations'. The registrant's classification was not re-opened."

Plaintiff's request for relief from the Tennessee State Director was denied. He has, therefore, exhausted his remedies within the Selective Service System. Plaintiff claims that he is entitled under Section 6(i) (2) to have his induction postponed until March, 1970 when his present school term ends.

Under the defendants' motion to dismiss, we are required to accept as true the facts which are alleged in the complaint.

This Court has jurisdiction under 28 U.S.C. Section 1331 or 1361, or both, unless precluded by Section 10(b) (3) of the Act, 50 U.S.C. App. § 460(b) (3).[4]

The Supreme Court in Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968), said that there exists an exception to 10(b) (3)'s broad denial of jurisdiction. The Court held that jurisdiction could be exercised when the action of the Selective Service Board in denying a deferment was a "clear departure by the Board from its statutory mandate" and involved "no exercise of discretion by a Board in evaluating evidence and in determining whether a claimed exemption is deserved." (393 U.S. 233, 238, 89 S.Ct. 414, 416)

Hence, a failure of the Board to follow a clear mandate contained in the statute gives the Court jurisdiction in the absence of a criminal or habeas corpus proceeding. On the other hand, if the question involves discretion upon the part of the Board, the Court lacks jurisdiction prior to induction.

Local Board No. 10 in Elizabethton granted the II-S classification for plain-

---

3. "(i) (2) Any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction under this title, shall, upon the facts being presented to the local board, be deferred (A) until the end of such academic year, or (B) until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier: Provided, That any person who has heretofore had his induction postponed under the provisions of section 6(i) (2) of the Selective Service Act of 1948 [former subsection (i) (2) of this section]; or any person who has heretofore been deferred as a student under section 6(b) of such Act [former subsection (h) of this section] ; or any person who hereafter is deferred under the provision of this subsection, shall not be further deferred by reason of pursuit of a course of instruction at a college, university, or similar institution of learning except as may be provided by regulations prescribed by the President pursuant to the provisions of subsection (h) of this section. Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces or training in the National Security Training Corps of any category or categories of students for such periods of time as he may deem appropriate."

4. " * * * No judicial review shall be made of the classification or processing of any registrant by local boards, appeal boards, or the President, except as a defense to a criminal prosecution instituted under section 12 of this title [section 462 of this Appendix], after the registrant has responded either affirmatively or negatively to an order to report for induction, or for civilian work in the case of a registrant determined to be opposed to participation in war in any form: * * *."

tiff's first year of post-graduate work pursuant to regulation 32 CFR 1622.26 (b) [5], which assigns that classification to persons who by October, 1967 have been enrolled in a post-graduate program with a university and provides for deferment under the classification for one full academic year. Another regulation then in force, 32 CFR 1622.15(b) (2) [6], as modified by the Director's Local Board Memorandum No. 87 [7], said that a I-S classification with its further delay of induction was not available to persons who had received a II-S classification after July, 1967, and had also received a baccalaureate degree. It was in accord with regulation 1622.15(b) (2) that plaintiff was denied the I-S classification.

■ The Selective Service Act of 1967 established three separate classes of deferments which are relevant to the case. Section 6(h) (1), 50 U.S.C. App. § 456(h) (1), gives a mandatory deferment to under-graduate college students in good standing. Section 6(h) (2), 50 U.S.C. App. § 456(h) (2), gives the President authority to grant deferments to graduate students in fields of study found to be of vital national concern. Regulations [8] designate II-S as the proper classification for deferments under both (h) (1) and (h) (2). Section 6 (i) (2), 50 U.S.C. App. § 456(i) (2), provides a mandatory deferment until the end of an individual's academic year if an issued order to report for induc-

tion would interrupt that academic year's studies. I-S classifications are prescribed by regulation [9] for deferments under Section 6(i) (2). The statutory right to a deferment under Section 6(i) (2) is absolute with exceptions for three categories of persons, only one of which is relevant here. The last exception precludes a I-S, or 6(i) (2), deferment for persons who have received a prior deferment under Section 6(i).

The Government contends that plaintiff falls within that exception because the II-S deferment, granted plaintiff in conformity with 32 CFR 1622.26, was authorized and provided by the final sentence of 6(i) (2). That sentence reads as follows:

"* * * Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces or training in the National Security Training Corps of any category or categories of students for such periods of time as he may deem appropriate."

If the Government is correct in asserting that the Regulation 32 CFR 1622.26 and plaintiff's II-S classification were derived from the last sentence of Section 6(i) (2), then plaintiff's right to a I-S classification would be barred by the exception against persons who had received prior deferments under 6(i).

5. "* * * Any registrant enrolled for his first year of post-baccalaureate study in a graduate school or a professional school on October 1, 1967, may be placed in Class II-S if he has entered the first class commencing after the date he completed the requirements for admission and shall be deferred for one academic year only or until he ceases satisfactorily to pursue such course of instruction, whichever is the earlier."

6. "(b) In Class I-S shall be placed any registrant who while satisfactorily pursuing a full-time course of instruction at a college, university or similar institution of learning and during his academic

year at such institution is ordered to report for induction, except that no registrant shall be placed in Class I-S under the provisions of this paragraph * * *
   "(2) who has been deferred as a student in Class II-S and has received his baccalaureate degree."

7. "Section 1622.15(b) (2) of the Selective Service Regulations refers to a registrant who has been placed in Class II-S after June 30, 1967, and has a baccalaureate degree."

8. 32 CFR 1622.26

9. 32 CFR 1622.15

It is plaintiff's contention that his II-S classification pursuant to 32 CFR 1622.26 was under authority of 6(h) (2) rather than 6(i) (2). If plaintiff is correct, then he would not fall within the last exception to the 6(i) (2) deferment. The Government does not claim that any exception other than the last one applies to plaintiff.

Therefore, the question for decision is whether plaintiff's prior II-S classification and Regulation 32 CFR 1622.26 were under authority of Section 6(i) (2) or 6(h) (2). For the reasons discussed below, the Court must conclude that the statutory authorization was 6(h) (2).

Section 6(i) does not deal with graduate study deferments alone, rather it deals with any student pursuing a full-time course of instruction at any college, university or similar institution. Section 6(h) (2) on the other hand is directed to providing graduate deferments.

The Government's contention is primarily based on its assertion that Section 6(h) (2) provides deferments only for graduate studies in areas found to be vital to the public interest and that German studies have not been determined to be such a special area. The Court need not decide whether the President's regulation, 32 CFR 1622.26, was supported by a determination that all first year graduate study, commenced before October 1967, was vital to the national interest. The last sentence of subsection (i), which the Government says is the authority for the regulation, by its own words limits the authority for granting deferments to the "regulations prescribed under subsection (h) of this section." The Government is in the untenable position of arguing that subsection (h) cannot authorize the deferment when, under the specific language of the last sentence in (i), subsection (i) can only authorize the regulation if (h) does.

Further, the last sentence of subsection (i) is most reasonably read not as a grant of broad authority to defer, but rather as indicating that the provisions which would deny I-S deferment should not be interpreted to limit the President's authority to grant other deferments provided under subsection (h).

Regulation 1622.26 provides in its last sentence for the II-S deferment for the first academic year of post-graduate work and the Government says it is derived from Section 6(i). The remainder of that regulation clearly provides for Section (h) deferments. It seems unlikely that the last sentence would refer to deferments other than under Section 6(h). Moreover, Regulation 1622.26 provides a flat deferment for an academic year, but Section 6(i) provides for deferments of *partial* academic years which remain after an order to report for induction interrupts that year.

The conclusion that plaintiff's II-S deferment for his first year of graduate study was not pursuant to Section 6(i) is in accord with decisions of circuit courts of appeal hereafter discussed.

The case of Bowen v. Hershey, 410 F.2d 962 (C.A.1, March 26, 1969) insofar as the Court knows, has not as yet been reported. The Court dealt with a second year law student who applied for a I-S deferment. On refusal he sought mandamus in the district court or a declaration of the invalidity of Director's Local Board Memorandum No. 87 which was issued pursuant to Regulation 1622.15(b) (2). The Board directed plaintiff's immediate induction and the District Court rejected plaintiff's request for relief. The Circuit Court, in an opinion by Chief Judge Aldrich, reversed, holding that plaintiff could successfully sue prior to induction to enforce his right to a deferment under section 6(i) (2). Plaintiff's prior II-S deferment was said not to have caused him to be excepted from the first clause of section 6(i) (2).

In a later decision, Crane v. Hershey, 410 F.2d 966, dated May 22, 1969, opinion also written by Judge Aldrich, the

First Circuit held that second year graduate students were entitled to a I-S deferment for the second half of their graduate study year ending in late Spring or early Summer, 1969. The Court stated in part, as follows:

"A case more in point, and on which the government heavily relies, is Rich v. Hershey, 10 Cir., April 1, 1969, [408 F.2d 944]. The holding of that case and the contention here is that those in plaintiffs' position were in fact deferred once pursuant to section 6(i) (2) of the Act, 50 App.U.S.C. § 456 (i) (2), and hence are ineligible for a second such deferment. The first section 6(i) (2) deferment to which the court in Rich refers was the general II-S deferment granted to all graduate students by the President in July 1967. Exec. Order No. 11360, 32 C.F.R. § 1622.26(b). We cannot agree that the authority for this directive was found in section 6(i) (2). Rather, the obvious source of power for the President's action lay in section 6(h) (2):

" 'The President is authorized, under such rules and regulations as he may prescribe, to provide for the deferment from training and service in the Armed Forces of any or all categories of persons * * * whose activity in graduate study, research, or medical, dental, veterinary, optometric, osteopathic, scientific, pharmaceutical, chiropractic, chiropodial, or other endeavors is found to be necessary to the maintenance of the national health, safety, or interest * * *.'

"The grant of power [in 6(h) (2)] is broad and the list of subjects is not conclusive, but on the contrary, is in the disjunctive, beginning and ending with broad references to 'graduate study' or 'other endeavors.' The language is spacious enough to cover a presidential decision that all graduate study would be, for a limited period, 'necessary to the maintenance of the national * * * interest.' The only objection to such a reading of section 6(h) (2) that can be drawn from the statute is that the power to confer one-year graduate deferments is limited by the provisions of section 6(i) (2). It was to forestall just such an objection, we believe, that the following disclaimer was inserted in section 6 (i) (2):

" 'Nothing in this paragraph shall be deemed to preclude the President from providing, by regulations prescribed under subsection (h) of this section, for the deferment from training and service in the Armed Forces or training in the National Security Corps of any category or categories of students for such periods of time as he may deem appropriate.'

"With all respect to the Rich court we do not see how this language can be construed as an independent grant of authority. Rather, it is an effort to avoid any implied limit on the President's discretionary power to defer, a power arising, as the language itself notes, from section 6(h). Indeed the part of section 6(i) (2) in question, like the rest of that paragraph, was enacted in 1951. Universal Military Training and Service Act, ch. 144, § 6(i) (2), 65 Stat. 85. If the government were right about the statutory authority for 32 C.F.R. § 1622.26(b), then the same argument would be applicable to that section's predecessor, 1622.25, which before 1967 provided for all student deferments, and all those deferments would have been granted pursuant to section 6(i) (2). Thus by operation of the last sentence of section 6(i) (2) there would exist no one to whom, the first part of that paragraph could apply. The position is untenable." Crane v. Hershey, 410 F.2d 966, at pages 967–968.

The Seventh Circuit has adopted the same rule as the First Circuit. See Foley v. Hershey, 409 F.2d 827 (1969).

Armendariz v. Hershey, involved facts almost identical to the facts of the case

under consideration except Armendariz was a law student and plaintiff is engaged in the study of German. In that case the Court held the plaintiff was entitled to a I-S classification and granted the injunctive relief sought in the complaint. 295 F.Supp. 1351 (W.D.Texas, 1969)

The case of Carey v. Local Board No. 2, Hartford, Conn., D.C., 297 F.Supp. 252 involved a second year law student at Yale who petitioned for an I-S classification. Plaintiff claimed that he was entitled under Section 6(i) (2) to a I-S classification. The Court held that plaintiff did not fall within any of the exceptions to the Act and was entitled to a I-S deferment. In oral argument yesterday, counsel for plaintiff stated in substance that the decision in the *Carey* case had been affirmed by the Second Circuit but he had not been able to secure a copy of the opinion.

Contrary to the view of this Court and the holdings in the foregoing cases is the case of Rich v. Hershey, 408 F.2d 944 (C.A.10, April 1, 1969). The question involved was whether Rich, a full time graduate law student at the University of Denver had a statutory absolute right to a I-S deferment under Section 6(i) (2). The Court held that he had been deferred under Section 6(i) (2) by being placed in II-S for 1967–68 pursuant to the last sentence of 6 (i) (2) and under Memorandum 87; and the Court, therefore, found that plaintiff was in a class excepted from 6(i) (2) deferments. Hence, plaintiff did not have an absolute right to a I-S deferment, and since the Board acted within its discretionary powers, the Court is barred from granting relief under 10(b) (3).

In summary, the Court holds that plaintiff (a) is entitled to a I-S classification so as to permit him to finish his school year which will end in March, 1970 and (b) he is also entitled to an injunction against the defendants, enjoining them from inducting him into the Armed Forces on July 31, 1969.