**Robert Neil LERNER**

v.

**Lewis B. HERSHEY, Director of Selective Service; Mike Y. Hendrix, Georgia State Director of Selective Service; Local Board No. 61, Atlanta, Georgia; Arthur J. McIntyre, J. W. LeBlanc, A. M. Weatherly, William V. Pentecost and J. D. Matthews, as members of Local Board No. 61; Colonel John Brokaw, New York State Director of Selective Service; Local Board No. 5, Hempstead, New York; and A. Lenp, H. Heidtman, A. Beermon, C. Strahs and G. Noon, as members of Local Board No. 5, Hempstead, New York.**

**Civ. A. No. 13042.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 14, 1970.

Howard Moore, Jr., and Peter E. Rindskopf, Atlanta, Ga., for petitioner.

Charles L. Goodson, U. S. Atty., Beverly B. Bates, Asst. U. S. Atty., Atlanta, Ga., for respondents.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

■ Presently at issue is the question whether a selective service registrant is entitled to pre-induction judicial review as a result of the failure of his draft board to grant him a I–S deferment, under § 6(i) (2) of the Military Selective Service Act of 1967, 50 U.S.C. A. App. § 456(i) (2) (1968). If so, is registrant then entitled to the 30-day period following the I–S period, during which he may appeal his classification, without receiving notice of his induction? The court holds that the registrant had an absolute statutory entitlement to the I–S deferment, and that he is entitled to pre-induction judicial review, under the authority of Oestereich v. Selective Service Board No. 11, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968).[1] Further, he was entitled to a 30-day period following the I–S period, during which he might not be notified of his induction.

The facts are undisputed. In September, 1967, registrant enrolled in law school at the Emory University School of Law, in Atlanta, Georgia. At that time, he was registered with Local Board No. 5, in Hempstead, New York. He attended the law school at Emory during the 1968 and 1969 summer sessions, thereby advancing ahead of his class. He graduated on December 18, 1969.

Registrant applied for and received, in September, 1967, a II–S graduate deferment, to last until June, 1968. In August, 1968, he was classified I–A by Local Board No. 5, requested an II–S deferment, had a personal appearance, and was denied. He appealed to the Georgia State Appeal Board which granted him a II–S graduate deferment from December 9, 1968, through June, 1969. On April 25, 1969, on request for reconsideration of registrant's classification by the New York State Deputy Director, the Georgia State Appeal Board reclassified regis-

---

1. While pre-induction judicial review is normally prohibited by § 10(b) (3) of the Military Selective Service Act of 1967, 50 U.S.C.A. App. § 460(b) (3) (1968), Oestereich has created an exception to that rule. Pre-induction judicial review will lie when the Local Board departs from a statutory mandate and violates a registrant's statutory right. Although Oestereich dealt with a statutory exemption, other cases have refused to distinguish a statutory deferment. See, e. g., Crane v. Hershey, 410 F.2d 966 (1st Cir. 1969).

trant I–A. In May, 1969, he received a notice to report for induction on June 5, 1969, in Hempstead, New York. On May 24, 1969, registrant wrote both National Director Lewis B. Hershey and Local Board No. 5, requesting a I–S deferment to complete his current academic year of graduate study, which had begun in March, 1969. On June 3, 1969, his request to Director Hershey was denied by the New York State Director of Selective Service.

On June 3, 1969, registrant requested and received a transfer from Local Board No. 5, in Hempstead, New York, to Local Board No. 61, in Atlanta, Georgia, where he was in law school. About August 15, 1969, he received a notice from Local Board No. 61 to report for induction on August 28, 1969, in Atlanta.

Prior to the enactment of the Military Selective Service Act of 1967, registrant received several "under-graduate" II–S deferments, under § 6(h)(1), 50 U.S.C.A. App. § 456(h)(1)(1968). However, he graduated from college before June 30, 1967, the effective date of the Military Selective Service Act of 1967 (the significance of which appears below). Accordingly, the only II–S deferments obtained by registrant after the passage of the Act of 1967 were "graduate" school deferments.

Registrant contests the denial of his I–S classification, asserting that he was entitled to a 30-day period following his graduation within which to contest any notice of reclassification which he might have received. Had he been classified I–S, and had he received the 30-day period before notice of induction, he would have been subject to induction under the national lottery system of selective service. Therefore, the questions are (1) whether he was entitled as of right to the I–S classification until December 18, 1969, the date of his graduation, and (2) whether he was entitled to the 30-day appeal period which followed the period of the I–S classification.

The first question, that of entitlement as of right, turns on the interpretation of the exceptions to § 6(i)(2) of the Military Selective Service Act of 1967, 50 U.S.C.A. App. § 456(i)(2)(1968), which provide, in pertinent part:

> *Provided,* That any person who has heretofore had his induction postponed under the provisions of section 6(i)(2) of the Selective Service Act of 1948 [former subsection (i)(2) of this section]; or any person who has heretofore been deferred as a student under section 6(h) of such Act [former subsection (h) of this section]; or any person who hereafter is deferred under the provision of this subsection, shall not be further deferred by reason or pursuit of a course of instruction at a college, university, or similar institution of learning except as may be provided by regulations prescribed by the President pursuant to the provisions of subsection (h) of this section.

These exceptions relate to registrants who (1) have had a II–S deferment between 1948–51, and (2) who have previously received a I–S classification. Bowen v. Hershey, 410 F.2d 962 (1st Cir. 1969); Marsano v. Laird, 412 F.2d 65 (2nd Cir. 1969); Foley v. Hershey, 409 F.2d 827 (7th Cir. 1969).

An additional exception is found in § 6(h)(1), 50 U.S.C.A. App. § 456(h)(1):

> No person who has received a student deferment under the provisions of this paragraph shall thereafter be granted a deferment under this subsection, nor shall any such person be granted a deferment under subsection (i) of this section if he has been awarded a baccalaureate degree * * *.

The first two exceptions obviously are inapplicable here. The third exception is also inapplicable. As was stated by the 2nd Circuit in Marsano v. Laird, *supra*:

> A final exception to those eligible to receive a I–S under paragraph 6(i)(2) is found in paragraph 6(h)(1). This paragraph provides for mandatory deferment of undergraduates and

was designed for the induction of men in a "prime-age category". As one incident of the new system and in order to prevent pyramiding of deferments, undergraduates deferred under paragraph 6(h) (1) thereafter became ineligible for I–S deferments under paragraph 6(i) (2). This proviso in § 6(h) (1) applies on its face only to those who receive undergraduate deferments after June 30, 1967, the date of the new Act, because it bars those being deferred "under the provisions of *this paragraph*" [emphasis supplied] from receiving a I–S. If Congress had intended to exclude from I–S postponement *any* person deferred as a II–S after the effective date of the act, then it clearly would have specified that the bar applied to persons who had received a student deferment under this "subsection", rather than under this "paragraph". Additionally, Selective Service has explicitly recognized that paragraph 6(h) (1) has no application to any deferments received prior to June 30, 1967. Local Board Memoranda Nos. 84, 87. Appellant has never received such a deferment, since he graduated from college prior to the enactment of the 1967 Act and his deferment since then has been for *graduate* study pursuant to paragraph 6(h) (2). By its explicit terms this proviso is inapplicable to appellant. Bowen v. Hershey, ·supra; Foley v. Hershey, *supra* * * (footnote omitted).

Four circuits have spoken on this question. Three hold the exception inapplicable. Bowen v. Hershey, (1st Cir) *supra*; · Marsano v. Laird, (2nd Cir.) *supra*; Foley v. Hershey, (7th Cir.) *supra*. A fourth circuit held the contrary. Rich v. Hershey, 408 F.2d 944, 946 (10th Cir. 1969). However, that decision was criticized in Crane v. Hershey, 410 F.2d 966 (1st Cir. 1969). The issue was presented to the Fifth Circuit in Armendariz v. Hershey, 295 F.Supp. 1351 (W.D.Tex.1969), in which the District Court had held the exception inapplicable. However, the 5th Circuit declined to speak on the issue, merely stating that the question was moot, because the law student registrant had finished the school year. Armendariz v. Hershey, 5th Cir., 413 F.2d 1006 (June 13, 1969), 2 SSLR 3109 (1969). Accordingly, this court holds as the majority of jurisdictions, for the reasons expressed in Marsano v. Laird, *supra*, and Carey v. Local Board No. 2, 297 F.Supp. 252 (D.Conn.1969), and other cases cited.

But what of the 30-day period? If registrant had been granted, as he was entitled of right, a I–S classification, he could not have been classified I–A until after December 18, 1969, the time at which he graduated. At that point, if his local board had classified him I–A on December 19, 1969, he would have been entitled to 30 days within which to appeal the classification. 32 C.F.R. § 1626.2(c) (1). During this period, Selective Service Regulations prohibited an order that he report for induction. *See* 32 C.F.R. § 1632.1. The 30 day period would carry over, in registrant's case, into January of 1970, at which time he would be subject to the National Lottery System for induction. Selective Service Amendment Act of 1969 § 2, Pub.L.No. 91–124, § 2, 83 Stat. 220 (Nov. 26, 1969); 11 U.S.Code Cong. & Admin.News, pp. 1934, 2122 (91st Cong. Nov. 26, 1969) (while amendment merely repealed prohibition against random selection of inductees, Senate Report 91–531 describes the significant aspects of the lottery system).

The court also has considered whether there was any "basis in fact" for registrant's I–A classification after he, as a full time graduate student in the midst of an academic year, had applied for a I–S classification. *See* Robertson v. United States, 417 F.2d 440, 444–445 (5th Cir. 1969). Because registrant was entitled to the I–S classification at the time which he applied for it, and because he was refused it unlawfully, there was no "basis in fact" for his I–A classification. As a result, the I–A classification was void and remains void un-

til such time as registrant is properly classified by his Local Board.

Therefore, this court must enjoin the respondents from inducting registrant until such time as he is selected under the National Lottery System, or until further order of this court.