UNITED STATES of America

v.

Gary Wayne MATHEWS.

Crim. No. 70–411–G.

United States District Court,
D. Massachusetts.

June 16, 1971.

Asst. U. S. Atty. Lawrence Cohen, for Government.

Norman C. Ross, Brookline, Mass., for defendant, James M. Pape, New York City, co-counsel.

## MEMORANDUM OF DECISION

GARRITY, District Judge.

Defendant in this criminal case was indicted for wilful failure to comply with an order of his local draft board that he submit to induction into the armed forces on November 13, 1968 at Boston, Massachusetts, in violation of the Selective Service Act, 50 App. U.S.C. § 462 (a). The case was tried jury waived. At the conclusion of all the evidence, which consisted primarily of defendant's Selective Service record, defendant renewed his motion for judgment of acquittal. After oral argument, the court took the matter under advisement. On the basis of the evidence, oral argument and memoranda of law filed by the parties, the court denies defendant's motion and makes the following findings of fact and conclusions of law in accordance with Rule 23(c), Fed.R.Crim.P.

### Findings of Fact

1. Having registered with Texas Local Board No. 25 (the Board) on November 7, 1961, defendant received II–S deferments for undergraduate study at the University of Texas on December 3, 1963, October 1, 1964, November 18, 1965 and March 17, 1966. On May 19, 1966 defendant was placed in a I–A classification, but on June 16, 1966 the Board granted him a II–S deferment for graduate study in zoology at the University of Texas. This deferment lasted until November 1, 1967.

2. On November 9, 1967 the Board advised defendant that, if he desired a graduate school deferment, the registrar of the school would have to certify his good standing on SSS Form 103, "Graduate or Professional College Student Certificate." On November 20 the Board received such certification signed by the Registrar and Director of Admissions of Texas University to the effect that defendant had entered upon a full-time course of instruction as a candidate for a graduate degree, and currently was meeting degree requirements, and was expected to attain the degree of Master of Arts in Zoology on or about August 1968. By letter received by the Board on November 20, defendant requested another II–S deferment for graduate study. Defendant stated in this request that he was currently a second-year graduate student in zoology at the University of Texas and that the earliest possible date for receiving his master's degree was August 1968. On December 14, 1967 defendant received a II–S deferment until August 1, 1968.

3. On July 18, 1968 defendant was classified I–A. The notice of classification was received by him on or about July 22 and contained a statement of his right to appeal within 30 days. On August 21 defendant filed a request for a personal appearance. On the same day, the Board advised defendant that his request was denied as untimely but that he could meet with the Board "but not as a procedural right." Defendant did not accept the invitation but rather, on August 27, wrote to the Board requesting a II–S classification. He wrote that he had finished his required course work for a master's degree but had not received the degree because of unspecified difficulties encountered with the laboratory research which would serve as a basis for his thesis. He estimated that he would finish his thesis and receive a master's degree in about June 1969. He also said that he had received a National Defense Education Act scholarship for the coming academic year. Defendant enclosed with his letter a "Current In-

formation Questionnaire" (SSS Form No. 127) indicating that he was a full-time student but did not file a SSS Form 103. On September 19, the Board refused to reopen defendant's classification, noting that he had supplied "no information from the university regarding registrant's present student status." Defendant was advised of this decision.

4. On October 11, 1968 the Board ordered defendant to report for induction on November 6 at Dalhart, Texas. On October 12 defendant wrote to the Board that his current address was in New York City. By letter received by the Board on October 28, defendant gave a Cambridge, Massachusetts, address and requested a I–S(C) deferment for the remainder of the academic year. The Executive Secretary did not transmit this request to the Board but on the same day wrote the defendant:

"We regret to inform you that only undergraduate students qualify for Class I–S(C).[1] We do not have in your file SSS Form 103 or suitable certification from your university regarding your student status this fall. If we had verification from the university that you were a full-time and satisfactory student on the date that your induction notice was mailed, your induction could be postponed until the end of the current semester per State Director's Advice No. 640."

At defendant's request, the Board on November 4 ordered him to report to Local Board No. 17, Cambridge, Massachusetts, on November 13 for induction.

5. On November 5 the Executive Secretary of the Board contacted Lt. Col. Haertig of Selective Service State Headquarters concerning defendant's case, and the latter stated that if the registrant was certified by his university as being in classes and a full-time and satisfactory student, his induction could be postponed administratively until the end of the current semester.

6. On November 6 the Board received two letters from Texas University officials. Both stated that defendant had completed all course requirements for the master's degree in zoology but not his thesis. On the same day, the Executive Secretary of the Board again contacted Lt. Col. Haertig who stated that these letters would not substitute for SSS Form No. 103. At no time did the Executive Secretary transmit these letters to the Board. On November 13, 1968 defendant reported for induction at Cambridge, Massachusetts, but refused to submit.

### Conclusions of Law

The defendant attacks the legality of the induction order which he admittedly refused to obey on two grounds. First, he contends, citing Mulloy v. United States, 1970, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362, that the Board's refusal to reopen his case on September 19, 1968 was unlawful. Second, he contends that the Executive Secretary's failure to bring to the attention of the Board defendant's claim for a I–S(C) deferment on October 28, 1968 and supporting letters received on November 6 rendered the induction order illegal. See United States v. Ford, 1 Cir., 1970, 431 F.2d 1310.

### Request for a II–S Deferment

Under Mulloy v. United States, *supra,* 398 U.S. at 416, 90 S.Ct. 1766, a registrant who makes nonfrivolous allegations of facts not previously considered by his local board which, if true, would suffice to warrant granting the requested classification is entitled to have the Board reopen his case unless the truth of these allegations is conclusively refuted by other reliable information in the registrant's file. Defendant's letter of August 27, 1968 was, in effect, a request to reopen his I–A classification and grant him a II–S deferment for another academic year. The new allegations of fact

---

1. This was a correct statement, consistent with 32 C.F.R. § 1622.15(b), which had not at that time been declared invalid by some courts on the ground that the regulation was in conflict with the statute, 50 App. U.S.C. § 456(i) (2).

contained therein were that he had finished his required course work for a master's degree but needed another year to write a thesis. He also stated on SSS Form No. 127 that he was still a full-time student. Thus, the threshold inquiry is whether these allegations of facts, if true were sufficient to warrant the Board's granting a II–S classification.[2]

█ Defendant on October 1, 1967 was entering the second year of graduate study leading towards a master's degree in zoology. He had received a II–S deferment for his first year of graduate study on June 16, 1966. On the basis of his request for a II–S deferment and a certification by the registrar of the University of Texas that he was "satisfactorily pursuing a full-time course of instruction leading to his degree," the Board granted him "one additional year" deferment on December 14, 1967. Thus, defendant's request for a second additional year's deferment as a graduate student in the summer of 1968 was contrary to the plain meaning of 32 C.F.R. § 1622.26(b), which limits II–S deferability of persons in defendant's position as of October 1, 1967 to not more than "one additional year." Since the allegations presented to the Board by defendant on August 27, 1968 (i. e., that he needed one more year to complete his master's degree and was still a full-time student) were, even if true, not sufficient to warrant the Board's granting a II–S deferment under the applicable regulation, the Board's refusal to reopen defendant's case on September 19, 1968 and grant him a II–S deferment was proper.

Defendant contends, citing Nestor v. Hershey, 1969, 138 U.S.App.D.C. 73, 425 F.2d 504, 509, that the language "one additional year" in 32 C.F.R. § 1622.26 (b) should mean, in defendant's case, October 1968 to October 1969, his third year of graduate study. We do not agree. The reference in Nestor v. Hershey to a "subsequent year" (beyond the second) of graduate studies refers to those registrants pursuing doctoral or profession degrees or combination of master's and doctoral degrees, not registrants in a master's program. Such programs generally last no more than two years; and, in our opinion, the "one additional year" of study authorized by 32 C.F.R. § 1622.-26(b) for a graduate student pursuing a master's degree is the second year of study.

█ Even under defendant's interpretation of the regulation, however, the Board's refusal to reopen his case and grant him a II–S classification for his third year of graduate study on September 19, 1968 was proper. The applicable regulation specifically requires a certification of the school that the registrant is "satisfactorily pursuing a full-time course of instruction leading to his degree." No such certification was before the Board on September 19, although the defendant was aware of the necessity for such a certification (SSS Form No. 103) from prior experience and had ample time to produce one. Thus, the Board did not have before it allegations of facts which, if true, would be sufficient to warrant granting the requested classification and grant him a II–S deferment under Mulloy v. United States even if defendant's "one additional year" were the academic year 1968–1969.

### Claim for a I–S(C) Deferment

The factual background of this claim is as follows: on October 28, 1968, sev-

2. Under 32 C.F.R. § 1622.26(b), "Any registrant who is entering his second or subsequent year of post-baccalaureate study without interruption on October 1, 1967, may be placed in Class II–S if his school certifies that he is satisfactorily pursuing a full-time course of instruction leading to his degree; but such registrant shall not be deferred for a course of study leading to a master's degree or the equivalent for more than one additional year, or for a course of study leading to a doctoral or professional degree or the equivalent (or combination of master's and doctoral degrees) for more than a total of five years, inclusive of the years already used in such course of study, or for one additional year, whichever is greater."

enteen days after defendant has been notified to report for induction,[3] defendant's request for a I–S(C) deferment arrived at the Board office. Instead of transmitting it to the Board members, the Executive Secretary immediately wrote defendant to the effect that only undergraduate students were eligible for the I–S(C) classification but that defendant's induction order could be postponed administratively for one semester if he provided sufficient proof of his status as a full-time student. On November 5 the Executive Secretary consulted with Lt. Col. Haertig of the State Selective Service office in part "to assure that this case had been properly handled to date." Upon receipt of two letters from Texas University officials on November 6 concerning defendant's student status, the Executive Secretary, instead of bringing them to the attention of the Board, again consulted Lt. Col. Haertig, who advised that the letters would not substitute for SSS Form No. 103. As a result of this advice, defendant's induction order of November 13 was not postponed.

Defendant contends, citing United States v. Ford, *supra*, that the bypassing of the Board by the Executive Secretary with respect to his October 28 request for a I–S(C) deferment and the November 6 supporting letters rendered the November 13 induction order unlawful. In the *Ford* case, the court reversed a conviction for draft evasion because the Executive Secretary failed to transmit to the Board members for their consideration certain letters received from physicians which presented a nonfrivolous claim for the reopening of his classification. Holding that the induction order was invalid, the court concluded, at 1313, that "the lodging of broad discretion in

local Selective Service boards carries the concomitant duty of its exercise and that such exercise is predicated upon consideration of available information."

The government concedes, as it must, that defendant was not ineligible for a I–S(C) deferment by virtue of the provisions of 32 C.F.R. § 1622.15(b) (2). See Bowen v. Hershey, 1 Cir., 1969, 410 F.2d 962, rehearing denied sub nom. Crane v. Hershey, 1 Cir., 1969, 410 F.2d 966.[4] However, the government argues that the bypassing of the Board which occurred in the instant case did not render the induction order invalid since defendant did not make out "a prima facie case for reclassification."

This argument rests on an assumption, which the government makes explicit in its memorandum, that the scope of United States v. Ford, *supra*, is identical to that of Mulloy v. United States, i. e., only if the registrant makes out a prima facie case for reclassification must the matter be presented for board action. We do not agree. 32 C.F.R. § 1625.3(b) requires a local board to reopen and consider anew the classification of a registrant to whom it has issued an order to report for induction whenever facts are presented to it which establish the registrant's eligibility for classification into I–S. 32 C.F.R. § 1622.-1(c) states that "the local board will receive and consider all information, pertinent to the classification of a registrant, presented to it." The clear implication of these two regulations is that the Board must meet to consider whether or not facts have been presented which establish a registrant's right to a I–S deferment whenever such a claim is made. Consequently, the Executive Secretary is obligated to transmit to the Board for its consideration "all informa-

---

3. 50 App. U.S.C. § 456(i) (2), the statute authorizing I–S deferments, is only applicable to registrants who have been ordered to report for induction.

4. 32 C.F.R. § 1622.15(b) (2) purports to render a registrant "who has been deferred as a student in Class II–S and has received his baccalaureate degree",

i. e., a registrant like defendant, ineligible for the I–S(C) deferment. Like the majority of courts which have considered the question, the Court of Appeals for the First Circuit in the *Bowen* case held that this portion of the regulation is invalid because inconsistent with 50 App. U.S.C. § 456(i) (2), the I–S statute.

tion" pertaining to a registrant's I–S classification, not merely information which the Executive Secretary considers a sufficient showing of a prima facie case.[5]

■ However, in the court's opinion a "harmless error" doctrine is applicable to the *Ford* situation. If the Executive Secretary fails to transmit to the Board information which *is* in retrospect frivolous, a registrant who refuses induction is not entitled to be acquitted on that account. The language of the Court of Appeals for the First Circuit in United States v. Stoppelman, 1 Cir., 1969, 406 F.2d 127, 130, cert. denied 395 U.S. 981, 89 S.Ct. 2141, 23 L.Ed.2d 769, is pertinent: "[C]lerks file such communications without calling them to the board members' attention at considerable *risk* to the validity of subsequent proceedings." (Emphasis added.) Thus, we reach the question of whether the Board could have granted defendant's request for a I–S(C) deferment on the basis of the November 6 letters. Or, to put it another way, was the Executive Secretary's failure to transmit to the Board defendant's I–S(C) request on October 28, 1968 and his supporting letters on November 6 harmless error?

With certain exceptions not here applicable, 50 App. U.S.C. § 456(i) (2) authorizes a deferment until the end of the academic year or until the registrant "ceases satisfactorily to pursue such course of instruction," whichever is the earlier, to "any person who while satisfactorily pursuing a full-time course of instruction at a college, university, or similar institution is ordered to report for induction." The implementing regulation 32 C.F.R. § 1622.15(b) is, in all relevant respects, identical. Unlike the II–S regulation, 32 C.F.R. 1622.26(b), it does not specifically require that the registrant submit a SSS Form No. 103 certificate by school officials. This distinction between the two regulations

seems to reflect a congressional intent that the I–S statute be liberally construed. Cf. Walsh v. Local Board, S.D.N. Y., 1969, 305 F.Supp. 1274, 1278.

On the other hand, the only documents submitted by the defendant in support of his one-sentence request for a I–S(C) deferment, which he mailed from Cambridge, Massachusetts, were the two letters from the University of Texas at Austin dated November 5. One of them simply certified that the defendant had completed all requirements for a master's degree in zoology except for the thesis. The other was from a professor of zoology stating that the defendant had been working on his M.A. degree under the professor's direction and was more than half way toward completing it. Neither indicated that the defendant was pursuing a full-time course of instruction or that such a course was being pursued at any particular educational institution or that the defendant's work was related to any specific academic year. On October 12 defendant notified the Board that his address was in New York City. Two weeks later he reported that he was living in Massachusetts and requested Local Board No. 17 in Cambridge to have his induction transferred to Massachusetts.

■ The only reasonable conclusion which the Board could have reached had the Executive Secretary again brought the file to its attention (assuming that the Board would have considered the merits of defendant's application despite the provisions of the regulation under which it was then operating which denied I–S(C) classification to graduate students) was that the registrant was doing experimental research when and where he pleased which might some day be described in a thesis required for a master's degree. Under no rational construction of 32 C.F.R. § 1622.15(b) could such vague, open-ended academic pursuits have been found to constitute the

---

5. As heretofore noted, in October of 1968, 32 C.F.R. § 1622.15(b) had yet to be declared invalid by the courts. Thus, it was reasonable for the Executive Secretary at that time to consider defendant's I–S(C) claim a tenuous one. Nonetheless, the Board and not its executive secretary should have ruled upon it.

satisfactory pursuit of a full-time course of instruction at a university. Thus, in our opinion, the Executive Secretary's omission was harmless error.

Accordingly, the court denies defendant's motion for acquittal and finds beyond a reasonable doubt that the induction order which defendant wilfully disobeyed on November 16, 1968 was valid and that the defendant is guilty as charged in the indictment.